Opinion issued June 17, 2010.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-07-01080-CR

NO.
01-09-01102-CR

NO.
01-09-01103-CR

NO.
01-09-01104-CR

NO.
01-09-01105-CR

NO.
01-09-01106-CR

NO.
01-09-01107-CR

NO.
01-09-01108-CR

NO.
01-09-01109-CR

NO.
01-09-01110-CR

NO.
01-09-01111-CR

NO.
01-09-01112-CR

NO.
01-09-01113-CR

NO.
01-09-01114-CR

NO.
01-09-01115-CR

NO.
01-09-01116-CR

NO.
01-09-01117-CR

NO.
01-09-01118-CR

NO.
01-09-01119-CR

NO.
01-09-01120-CR

NO.
01-09-01121-CR

NO. 01-09-01122-CR

NO.
01-09-01123-CR

———————————

Marcus Demon Lair, Appellant

V.

The State of
Texas, Appellee



 



 

On Appeal from the 278th District Court 

Grimes County, Texas



Trial Court Case No. 16,185 (Counts II, III, IV, V, VII, IX,
X, XI, XII, XIII, XIV, XV, XVIII, XIX, XX, XXI, XXII, XXIII, XXIV, XXV, XXVIII,
XXIX, XXXI)

 



 

O P I N I O N

          A
jury convicted appellant, Marcus Demon Lair, of one count of attempted capital
murder, seven counts of aggravated robbery, seven counts of aggravated
kidnapping, six counts of deadly conduct, one count of burglary of a
habitation, and one count of theft.  The
jury then assessed punishment at confinement for life and a $10,000 fine for
the attempted capital murder offense, confinement for life for each aggravated
robbery and aggravated kidnapping offense, ten years’ confinement for each
deadly conduct offense, 20 years’ confinement for the burglary-of-a-habitation
offense, and two years’ confinement for the theft offense.  The sentences run concurrently.  We dismiss the appeals for want of
jurisdiction.

          Appellant’s
counsel on appeal has filed a brief stating that the appeals are without merit,
frivolous, and must be either affirmed or dismissed.  See
Anders v. California, 386 U.S. 738, 87 S. Ct. 1396 (1967).  Specifically, counsel notes that the notices
of appeal are untimely.  We agree.

The time limit for perfecting an appeal from a judgment of
conviction begins to run on the day that sentence is imposed or suspended in
open court. Tex. R. App.
P. 26.2(a); see Rodarte v. State, 860 S.W.2d 108, 109 (Tex. Crim.
App. 1993) (written judgment of conviction is not “appealable order” within
meaning of rule; the defendant does not have option of calculating time limit
from day written judgment is signed and entered by trial court) (construing
predecessor rule). In these cases, sentence was imposed in open court on October
23, 2007.  Because no motion for new
trial was filed, the notices of appeal were due 30 days later, on November 22,
2007.  Tex.
R. App. P. 26.2(a).  Notices of
appeal were not filed until November 30, 2007, over a week too late.

The time for filing the notice of
appeal may be extended if, within fifteen days of the deadline for filing the
notice of appeal, the appellant files the notice of appeal and a motion
complying with Rule 10.5(b). See Tex.
R. App. P. 26.3; 10.5(b).  Although
appellant’s notices of appeal were filed within fifteen days of the deadline,
no motions for extension of time were filed. 
“When a notice of appeal, but no motion for extension of time, is filed
within the fifteen-day period, the court of appeals lacks jurisdiction to
dispose of the purported appeal in any manner other than by dismissing it for
lack of jurisdiction.”  Olivo v. State,  918 S.W.2d 519,
523 (Tex. Crim. App. 1996). Although the Court of Criminal Appeals has
interpreted Rule 26.3 similarly to the Texas Supreme Court in regard to
amending a defective notice of appeal, see Few v. State, 230 S.W.3d 184,
189-90 (Tex. Crim. App. 2007); Bayless v. State, 91 S.W.3d 801 (Tex . Crim.
App. 2002), the court has not held that an extension is implied if a notice of
appeal is filed within fifteen days after the deadline. See Verburgt v.
Dorner, 959 S.W.2d 615, 617 (Tex. 1997) (holding that in civil cases, “a
motion for extension of time is necessarily implied” when appellant, acting in
good faith, files notice of appeal beyond time permitted by Rule 26.1, but
within fifteen-day period in which appellant would be entitled to move to
extend filing deadline under Rule 26.3).

This Court has no authority to allow
the late filing of a notice of appeal except as provided by Rule 26.3.  See Olivo, 918 S.W.2d at 522. 
If an appeal is not timely perfected, a court of appeals does not obtain
jurisdiction to address the merits of the appeal and can take no action other
than to dismiss the appeal. See Slaton v. State, 981 S.W.2d 208, 210
(Tex. Crim. App. 1998). 

 

 

 

 

Accordingly, we dismiss the appeals for
want of jurisdiction.  We also dismiss
all pending motions.

 

 

                                                          Sherry
Radack

                                                          Chief
Justice

                   

 

Panel consists of Chief Justice Radack and Justices Bland
and Sharp.

Justice Sharp, concurring.

Publish. Tex.
R. App. P. 47.2(b).