Lawrence Wendell FEW, Appellant,

v.

The STATE of Texas.

No. PD–0866–06.

Court of Criminal Appeals of Texas.

March 7, 2007.

---

11. *See* § 38.05(a), (c).

Robin Norris, El Paso, for appellant.

Lily Stroud, Asst. D.A., El Paso, Matthew Paul, State's Attorney, Austin, for state.

## OPINION

COCHRAN, J., delivered the opinion for a unanimous Court.

Appellant was indicted for solicitation to commit capital murder in cause number 20030D05342. He was eventually re-indicted under cause number 20050D04727. After a jury convicted him, appellant filed a timely notice of appeal, citing the original cause number instead of the new one. The court of appeals dismissed his appeal for lack of jurisdiction.[1]

We granted review to determine if appellant filed a notice of appeal sufficient to invoke the jurisdiction of the appellate court.[2] Because appellant's notice was sufficient to show his desire to appeal from the judgment for solicitation to commit capital murder, we reverse the judgment of the court of appeals and remand this case to that court.

### I.

On November 13, 2003, the State indicted appellant for solicitation to commit capital murder in cause number 20030D05342 ("03").[3] For nearly two years, the State and defense filed numerous documents and conducted pre-trial litigation under that cause number.[4] The State then re-indicted appellant in cause number 20050D04727 ("05"). On October 12, 2005, the State read the new indictment with the new cause number in open court. Appellant pled not guilty. Meanwhile both the State and defense continued to file documents under the "03" cause number.[5] On October 21, 2005, the State filed an "Agreed Motion to Carry Over," noting that it had recently re-indicted appellant in a new

---

1. *Few v. State*, No. 08–06–00005–CR, 2006 WL 957703, 2006 Tex.App. LEXIS 2994 (Tex. App.-El Paso April 13, 2006) (not designated for publication).

2. We granted appellant's two grounds:
   1. "Whether appellant's notice of appeal in this cause was sufficient in law to invoke the jurisdiction of the court of appeals."
   2. "Whether it was appropriate for the court of appeals to dismiss appellant's appeal without first giving him a reasonable oppor-

tunity to correct defects in his notice of appeal."

3. See the Appendix at the end of this opinion for the chronology of relevant events.

4. The clerk's record under the "03" cause number is 412 pages long.

5. For example, on October 18, 2005, the State filed an attachment to its witness list under the "03" cause number.

cause number and asking the court to allow the record from the old number to be carried over to the new number. The trial court granted the motion and ordered that "all motions, notices, records, and orders from cause number 20030D05342 should be carried over to cause number 20050D04727."

Less than two weeks later, appellant was tried and convicted under the "05" cause number. He was sentenced the next day, November 3, 2005. Appellant filed his *pro se* notice of appeal that very day, mistakenly citing the "03" cause number. The Clerk notified all parties that "it appears that the record is due February 07, 2006." On December 9, 2005, over a month after the case was tried under the "05" cause number, the State filed a motion to dismiss the "03" cause number because "[t]he case has been refiled: Reindicted as Cause # 20050D04727." The trial court granted that motion. On the same day, the trial court signed a certification of appellant's right of appeal, stating that appellant had the right to appeal his conviction. This document was captioned *"The State of Texas v. Lawrence W. Few,"* and listed yet a third cause number, 20050D05342. The State characterizes this number as "wholly unrelated to any of appellant's pending or disposed criminal cases." But the number was a combination of the two cause numbers—the first seven digits were the first seven numbers of the "05" indictment, the last four were the last four numbers of the "03" indictment. The certification was filed in the court of appeals on December 13, 2005.

The court of appeals, noting the discrepancy between the numbers on the notice of appeal and the certification of appeal (both of which were incorrect) ordered the trial court "to conduct a hearing to determine [appellant's] status with regards to ability to hire an attorney, and then, also, to determine which of the cases is, in fact, being appealed 20030D05342 or 20050D04727."

At this hearing, the prosecutor asked the trial court to refuse to certify a right to appeal "any cause number that relates to Mr. Few" because 1) he cannot appeal a non-final case (the "03" case); and 2) he is out of time to file a notice of appeal in the "05" case. Appellant attributed his mistake to confusion because the indictment number was changed so late in the process. The State then candidly noted that it was not sure of the effect of the carry-over motion: "I don't know the effect of that, to be quite frank with the Court. Does that carry over his notice of appeal later filed in the 2003? I don't know the answer to that." The trial court then declared that the agreed-to carry-over motion, which was dated October 11, 2005, was meant to carry over only those materials that were pending in the 03 file before or on the date of the carry-over order.[6] "That's the intent of the order." At the end of hearing the trial court stated its findings:

> The Court finds that the Defendant, Lawrence Few, actually filed his appeal under cause number 20030D05342. That there is not a final conviction in that cause number. That the cause number under which Mr. Few was convicted was 20050D04727; that there is no notice of appeal. There is no right to-certified by the Court to Mr. Few that he can appeal. So at this point, then, I am not going to order the preparation of the transcript.

---

**6.** Significantly, no one asked appellant whether that is what he intended in the agreed-to carry-over motion. By definition, all terms of an "agreed" motion must be agreed to by all parties to the agreement.

Although the Court—if the Court of Appeals were to get there—does find that he is indigent for purposes of the preparation of the transcript.

The State again brought up the carry-over motion, characterizing it as "retrospective":

Court: That's absolutely correct. The motion specifically requests that those items already filed be carried over so as not to require the refiling of all prior filed motions, notices, and record. It is limited to that.[7]

* * *

*Pro se* defendant: Wouldn't that mean that the appeal, the notice of appeal, would be retroactive?

Court: The date of that motion to carry over is October 21st, 2005.

*Pro se* Defendant: We filed that appeal on the last day of the trial, which was November the [3rd].

Court: True. So that notice of appeal is not addressed by the order to carry over motions. Thank you.

Relying on the trial court's findings, the State filed a "Motion to Dismiss Appeal for Want of Jurisdiction." The court of appeals did just that:

Because Appellant filed his notice of appeal in the wrong cause number, 2003[0]D05342, and there is no final judgment or appealable order or a trial court certification in that cause number, we dismiss this appeal for want of jurisdiction. . . .

Further, with regard to cause number 20050D04727, we conclude that Appellant's filing in cause number 20030D05342 did not invoke this Court's jurisdiction in order to appeal his conviction under cause number 20050D04727.[8]

## II.

The court of appeals concluded that it did not have jurisdiction over this case because appellant had mistakenly written the wrong cause number on his notice of appeal just as the trial court had mistakenly written the wrong cause number on his certification notice. For judges, defendants, and prosecutors, to err is human, but to repair is now possible. The Texas Rules of Appellate Procedure were amended in 2002 to prevent trivial, repairable mistakes or defects from divesting appellate courts of the jurisdiction to consider the merits of both State and defense appeals in criminal cases. Defective notices of appeal may now be amended "at any time before the appealing party's brief is filed[.]"[9]

In this case, the court of appeals cited *Steinecke v. State*,[10] a case directly on point, but one decided before Rule 25.2(f) was amended, effective January 1, 2003.

---

7. The plain language of the motion and order does not state whether it applies only to materials filed before the date of the motion or the trial court's order. The agreed motion to carry over reads:

The State prays that the Court will in all things allow all Motions, Notices, Records, and Orders of record in Cause No. 20030D05342 be carried over into Cause No. 20050D04727, without the necessity of either the State or the Defense re-filing all such motions, notices, and records.

The signed Order states:

IT IS, THEREFORE, ORDERED, ADJUDGED, AND DECREED that said motion should be granted in all respects and that all motions, notices, records, and order from cause number 20030D05342 should be carried over to cause number 20050D04727.

8. *Few*, 2006 WL 957703, *1, 2006 Tex.App. LEXIS 2994, *3.

9. Tex.R.App. P. 25.2(f) (amended, effective January 1, 2003).

10. 81 S.W.3d 467 (Tex.App.-Houston [1st Dist.] 2002, no pet.).

In *Steinecke*, the First Court of Appeals dismissed an appeal on precisely the same facts:

Appellant, Jerry Steinecke, was indicted on two counts of the state jail felony offense of endangering a child in cause number CR99–128. He was subsequently re-indicted for the same offenses in cause number CR01–223, which was tried to a jury. The jury found appellant guilty, and the trial court assessed his punishment at two years confinement, probated for five years, and a $500 fine. Appellant filed his notice of appeal in cause number CR99–128, which had been dismissed on the State's motion. Because the notice of appeal was filed in the wrong cause number, we conclude we must dismiss the appeal for want of jurisdiction.[11]

*Steinecke*, in turn, relied on an earlier case, *Stone v. State*,[12] in which the defendant's notice of appeal contained the cause number of a companion case that had not yet been tried.[13]

The court of appeals in *Stone*, not finding any cases from this Court on point, turned to a Texas Supreme Court case, *Philbrook v. Berry*.[14] In *Philbrook*, the supreme court held that a motion for new trial filed in the wrong cause did not extend the court's plenary power over its judgment beyond the thirty days prescribed by Tex.R. Civ. P. 329b(d).[15] In *Stone*, the court of appeals noted that later Texas Supreme Court cases moved away from *Philbrook* and its fidelity to rigid technicalities. However, "the cases limiting *Philbrook's* application invoke the civil policy that 'decisions of the courts of appeals [should] turn on substance rather than procedural technicality', a policy that the Court of Criminal Appeals has yet to adopt, and most [of these cases] also invoke the 'bona fide attempt' rule, a rule specifically rejected by the Court of Criminal Appeals."[16] The *Stone* court then concluded that "under the Court of Criminal Appeals' strict application of the rules of appellate procedure, Stone's motion for a new trial was filed in the wrong cause number and, so, was not sufficient to extend the appellate timetable in this cause."[17]

In 2002, the Corpus Christi Court of Appeals, in a State's appeal, differed with the two earlier appellate courts on the effect of an incorrect cause number in the notice of appeal. In *State v. Williams*,[18] the State appealed a trial court's dismissal of its assault case against the defendant for pre-indictment delay.[19] The State wrote the right cause number in the header of its notice of appeal but the wrong cause number in the body of its notice.[20] The court of appeals stated that while the cause number on the notice of appeal did not match that shown on the case being appealed, that defect did not defeat its appellate jurisdiction: "We read the notice of appeal as containing a clerical error that does not defeat our jurisdiction."[21]

---

11.  *Id.* at 467.

12.  931 S.W.2d 394 (Tex.App.-Waco 1996, pet. ref'd).

13.  *Steinecke,* 81 S.W.3d at 468.

14.  683 S.W.2d 378 (Tex.1985).

15.  *Stone,* 931 S.W.2d at 396.

16.  *Id.*

17.  *Id.*

18.  90 S.W.3d 913 (Tex.App.-Corpus Christi 2002, no pet.).

19.  *Id.* at 916–17.

20.  *Id.* at 916.

21.  *Id.* at 917.

All of these cases were decided before our opinion in *Bayless v. State*,[22] and before the January 1, 2003, effective date of the amendments to the Rules of Appellate Procedure. *Bayless* "indicated that defects in notices of appeal should not be described as affecting jurisdiction."[23] And the amended Rules bear out that indication. Rule 25.2(b) states, "In a criminal case, appeal is perfected by timely filing a sufficient notice of appeal." And Rule 25.2(c)(2) states, "Notice is sufficient if it shows the party's desire to appeal from the judgment or other appealable order[.]" Finally, Rule 25.2(f) permits "amending the notice."[24] The rules thus "retain the requirement of notice of appeal. But they now permit amendment to cure apparently any defects in notices of appeal."[25] As Professor Dix points out, in *Bayless* and in the amended rules, this Court "functionally embraced an approach to perfecting appeals and notice of appeal closer to that of the Texas Supreme Court."[26] The Texas Supreme Court "decline[s] to elevate form over substance":[27]

That Court has never wavered from the principle that appellate courts should not dismiss an appeal for a procedural defect whenever any arguable interpretation of the Rules of Appellate Procedure would preserve the appeal. We have repeatedly held that a court of appeals has jurisdiction over any appeal in which the appellant files an instrument in a bona fide attempt to invoke the appellate court's jurisdiction. Our decisions reflect the policy embodied in our appellate rules that disfavors disposing of appeals based upon harmless procedural defects. Thus, we have instructed the courts of appeals to construe the Rules of Appellate Procedure reasonably, yet liberally, so that the right to appeal is not lost by imposing requirements not absolutely necessary to effect the purpose of a rule.[28]

**22.** 91 S.W.3d 801 (Tex.Crim.App.2002).

**23.** 43A GEORGE E. DIX & ROBERT O. DAWSON, CRIMINAL PRACTICE AND PROCEDURE § 43.257 at 192–93 (2d ed. Supp.2005) (DIX & DAWSON).

**24.** Rule 25.2(f) provides:
Amending the notice or certification. An amended notice of appeal or trial court's certification of the defendant's right of appeal correcting a defect or omission in an earlier filed notice or certification may be filed in the appellate court in accordance with Rule 37.1, or at any time before the appealing party's brief is filed if the court of appeals has not used Rule 37.1. The amended notice or certification is subject to being struck for cause on the motion of any party affected by the amended notice or certification. After the appealing party's brief is filed, the notice or certification may be amended only on leave of the appellate court and on such terms as the court may prescribe.
Rule 37.1 provides:
On Receiving the Notice of Appeal. If the appellate clerk determines that the notice of appeal or certification of defendant's right of appeal in a criminal case is defective, the clerk must notify the parties of the defect so that it can be remedied, if possible. If a proper notice of appeal or certification of a criminal defendant's right of appeal is not filed in the trial court within 30 days of the date of the clerk's notice, the clerk must refer the matter to the appellate court, which will make an appropriate order under this rule or Rule 34.5(c)(2).

**25.** DIX & DAWSON, § 43.251a at 192 (2d ed. Supp.2005).

**26.** *Id.* § 43.252 at 192–93.

**27.** *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex.1997).

**28.** *Id.* at 616–617 (cites and footnote omitted). Since *Verburgt*, the civil notice of appeal rule has been changed and now requires that the notice must "identify the trial court and state the case's trial court number and style." Rule 25(1)(d)(1). But this requirement is not jurisdictional. *See In the Interest of K.A.F.*, 160 S.W.3d 923, 927 (Tex.2005) (citing *Ver-*

A person's right to appeal a civil or criminal judgment should not depend upon tracking through a trail of technicalities. In former days, this Court was sometimes accused of elevating form over substance in demanding technical perfection in the notice of appeal. Professor Dix attributes our past holdings to historical conditions:

> When trial judges rode circuit and held limited terms of court in various counties, the preparation of the record for appeal had to be completed before the court's term ended and the participants in the trial scattered. Timely notice of appeal arguably served the necessary function of triggering this process.
>
> Conditions have, of course, changed considerably. Delayed or defective notices of appeal are unlikely to contribute significantly to the difficulty of preparing the appellate record or otherwise impede the appellate process. The apparent rationale for a strict approach to notice of appeal requirement simply no longer applies.[29]

As societal conditions change, so do procedural requirements and rules. In this case, however, the State, the trial court, and the court of appeals followed the old, strict procedural rules instead of the modern, more liberal Rule 25.2 now in effect. Here, as in *Williams*, it is apparent from the record that all parties knew that appellant timely expressed his desire to appeal his conviction for solicitation to commit capital murder. As appellant points out:

> Everyone involved in the present case has effectively conceded actual knowledge of exactly which conviction Appel-

lant wanted to appeal. The District Attorney's motion to dismiss sets out the procedural history of the case with such particularity, and identifies Appellant's mistake with such specificity, that there is no doubt of his awareness that Appellant intended to appeal his conviction under a successor cause number to that with which he labeled his notice of appeal. Likewise, the Court of Appeals candidly accepted the District Attorney's description of the case in its opinion dismissing the appeal, making it clear that the Court understood exactly which conviction Appellant intended to challenge. While it might be possible to imagine some scenarios in which a notice of appeal with the wrong cause number leaves everyone in total ignorance of the defendant's intention, this case is not one of them. And even if it were, it would be the obligation of the appellate court, whether the Rules are strictly construed or not, to inquire first of the defendant, before dismissing the case, which conviction it was in fact his intention to appeal.[30]

We hold that appellant's notice of appeal in this case was sufficient to invoke the jurisdiction of the court of appeals. We conclude that the court of appeals was mistaken when it dismissed appellant's appeal without first giving him a reasonable opportunity to correct the defect in his notice of appeal.[31] We reverse the judgment of the court of appeals and remand this case to that court for further proceedings consistent with this opinion.

## APPENDIX

08-21-03  Date of offense: criminal solicitation to commit capital murder.

*burgt* and "the well-settled proposition that a court of appeals has jurisdiction over an appeal if the appellant timely files an instrument in a bona fide attempt to invoke the appellate court's jurisdiction").

**29.** Dix, & Dawson, § 43.252 at 548 (2d ed.2001).

**30.** Appellant's Brief at 8–9 (cites omitted).

**31.** Tex.R.App. P. 25.2(f) & 37.1.

11-13-03   Appellant indicted for solicitation to commit capital murder in cause number 20030D05342.

10-12-05   Appellant is read the indictment of the new cause number, 20050D04727, in open court. He pleads not guilty.

10-21-05   The trial court grants the State's "Agreed Motion to Carry Over" and orders that "all motions notices, records, and orders from cause number 20030D05342 should be carried over to cause number 20050D04727."

10-28-05   Trial in cause number 20050D04727 begins.

11-02-05   The jury finds appellant guilty.

11-03-05   The jury assesses punishment at 50 years, with a fine of $5,000, and appellant is sentenced. Appellant files a pro se Notice of Appeal, mistakenly citing cause number 20030D05342.

11-21-05   The Court of Appeals requests Finding of Facts and Conclusions of Law on indigency status and on which case is being appealed.

12-04-05   The Clerk of the El Paso Court of Appeals notes that "it appears that the record is due February 07, 2006."

12-09-05   The trial court grants the State's Motion To Dismiss Cause number 20030D05342 because the case "has been refiled as cause number 20050D04727." The trial court certifies that appellant has the right of appeal in "cause number 20050D05342." [Sic]

02-08-06   The trial court holds a hearing and finds that appellant is indigent, but concludes that he cannot appeal his conviction because he filed his notice of appeal under a cause number for which there is not a final conviction.

02-28-06   The State files a Motion to Dismiss Appeal for Want of Jurisdiction based on the trial's courts findings.

04-13-06   The El Paso Court of Appeals issues an opinion dismissing appellant's appeal for lack of jurisdiction, because appellant cited cause number 20030D05342 instead of 20050D04727.

05-10-06   The court of appeals denies appellant's Motion for Rehearing.