In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-08-00515-CR


____________________



KEVIN LAMONT ROLLINS, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the Criminal District Court


Jefferson County, Texas


Trial Cause No. 08-02666





 

OPINION


 We have before the Court an appeal by Kevin Lamont Rollins from a sentence
pronounced on October 14, 2008. The notice of appeal was filed with the trial court on
November 14, 2008, more than thirty days from the date of sentencing. Rollins did not
timely file a request for extension of time to file a notice of appeal. See Tex. R. App. P.
26.3(b). We notified the parties that the notice of appeal did not appear to have been timely
filed. The parties did not establish that the notice of appeal was timely filed.

 The Court finds that the notice of appeal was not timely filed. See Tex. R. App. P.
26.2. No motion for extension of time was timely filed pursuant to Tex. R. App. P. 26.3. It
does not appear that appellant obtained an out-of-time appeal from the Court of Criminal
Appeals. The Court finds it is without jurisdiction to entertain this appeal. Accordingly, the
appeal is dismissed for want of jurisdiction.

 APPEAL DISMISSED.



 ____________________________ 
 STEVE McKEITHEN

 Chief Justice



Opinion Delivered April 15, 2009

Publish


Before McKeithen, C.J., Gaultney and Kreger, JJ.


DISSENTING OPINION


 Appellant filed his pro se notice of appeal one day late, but within the fifteen-day
grace period for filing a motion for extension of time. See Tex. R. App. P. 26.2(a), 26.3. His
appointed trial counsel explains he was unaware the defendant desired to appeal. The
attorney requests appellant be allowed an out-of-time appeal.

 Under Rule 26.3, an appellate court has authority to grant a motion to extend the time
to file a notice of appeal. See Hone v. Hanafin, 104 S.W.3d 884, 885 (Tex. 2003); Christus
Health Southeast Tex. v. Broussard, 267 S.W.3d 531, 533-34 (Tex. App.--Beaumont 2008,
no pet.). We have done so in civil cases when a notice of appeal is filed within fifteen days
of the appeal deadline, even in the absence of a separate Rule 26.3 motion. See Broussard,
267 S.W.3d at 533-34. We explained that "[a]n extension motion is necessarily implied if
a notice of appeal is filed within fifteen days after it was due." See id. at 533 (citing
Verburgt v. Dorner, 959 S.W.2d 615, 617 (Tex. 1997)). In Hone, the Supreme Court noted
that the court of appeals could consider a notice of appeal filed two days late, but within the
fifteen-day period to extend the deadline under Rule 26.3, as an "implied motion for
extension of time to file a notice of appeal." Hone, 104 S.W.3d at 885-86. We should do
that in this case.

 Rule 26.3 should be interpreted the same in a criminal appeal as in a civil appeal. 
Regardless of the civil or criminal context, the rule is the same. See Tex. R. App. P. 26.3. 
We should construe the pro se notice of appeal, which in this case is a one-and-a-half page
letter expressing a desire to appeal, as an "implied motion for extension of time to file a
notice of appeal." See Hone, 104 S.W.3d at 886-87.

 Subsequent to its opinion in Bayless v. State, 91 S.W.3d 801 (Tex. Crim. App. 2002),
the Court of Criminal Appeals has followed an approach to perfecting appeals that is similar
to that of the Texas Supreme Court. See Few v. State, 230 S.W.3d 184, 189-90 (Tex. Crim.
App. 2007). (1) In Bayless, the Court of Criminal Appeals reasoned that "there is no statutory
time limit on a defendant's right to appeal[.]" Bayless, 91 S.W.3d at 805. Under former
article 44.08(e) (repealed effective September 1, 1986), the courts of appeals had the "option
of extending the filing period" "[f]or good cause shown[.]" Bayless, 91 S.W.3d at 805. 
"Thus, the time allowed for filing a notice of appeal was ultimately left to the discretion of
the courts of appeals." Id.

 The Rules of Appellate Procedure now provide the procedures that a defendant must
follow in order to perfect the appeal. See Bayless, 91 S.W.3d at 805. In this instance, the
applicable appellate rule on extensions of time to file the notice in civil and criminal cases
is exactly the same: Rule 26.3. The rule is applicable in both civil and criminal cases.

 The Court of Criminal Appeals recently stated, "A person's right to appeal a civil or
criminal judgment should not depend upon tracking through a trail of technicalities." Few,
230 S.W.3d at 190. Citing an authoritative treatise, the Court in Few explained that "[a]s
societal conditions change, so do procedural requirements and rules." Id. (citing 43A
George E. Dix & Robert O. Dawson, Criminal Practice and Procedure § 43.252 at
548 (2d. 2001)). In light of Few, this Court should construe the appellate rules in criminal
appeals reasonably, yet liberally, to assure the right of appeal is not lost by imposing
requirements not necessary to effect the purpose of the rules.

 In a criminal case, the trial court clerk must immediately send one copy of the notice
of appeal and the trial court's certification of the defendant's right of appeal to the clerk of
the appropriate court of appeals. See Tex. R. App. P. 25.2(e). The appellate clerk must then
file a copy of the notice and notify all parties of the receipt of the document. See Tex. R.
App. P. 12.1. This Court received a "Notice of Filing Notice of Appeal" on November 25,
2008, with the attached one-and-a-half page "letter of appeal" from appellant requesting that
his case be "heard again." The letter was received within fifteen days of the filing deadline
for the notice of appeal. See Tex. R. App. P. 26.3. Appellant's lawyer subsequently
explained the reason he had not filed an appeal for his client was that his client did not tell
him he wanted to appeal, but the attorney asks that we grant the out-of-time appeal. We have
the discretion to grant an extension under Rule 26.3, and we should do that in this case. 
Because the majority does not, I respectfully dissent.


 ____________________________

 DAVID GAULTNEY

 Justice


Dissent Delivered 

April 15, 2009
1. In this way, Bayless is a watershed case. Considering the rulings in Olivo v. State,
918 S.W.2d 519, 524 (Tex. Crim. App. 1996) and Slaton v. State, 981 S.W.2d 208 (Tex.
Crim. App. 1998), it appears Bayless and now Few mark a dramatically different approach,
and one that suggests an alignment of the interpretation of the applicable appellate rules by
the two highest courts of this State.