Dismissed and Memorandum Opinion filed June 11, 2009








Dismissed
and Memorandum Opinion filed June 11, 2009.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-09-00432-CR

____________

 

JOE GUERRERO,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the
248th District Court

Harris County, Texas

Trial Court Cause No. 1140782

 



 

M E M O R A N D U M   O P I N I O N

A jury convicted appellant of aggravated robbery with a
deadly weapon and sentenced him to confinement for twenty-five years in the
Texas Department of Criminal Justice, Institutional Division.  No motion for
new trial was filed.  The record reflects appellant=s notice of appeal
was not timely filed. 








A defendant=s notice of appeal must be filed within
thirty days after sentence is imposed when the defendant has not filed a motion
for new trial.  See Tex. R. App. P. 26.2(a)(1).  The time for filing the
notice of appeal may be extended if, within fifteen days of the deadline for
filing the notice of appeal, appellant files the notice of appeal and a motion
complying with Rule 10.5(b).  See Tex. R. App. P. 26.3; 10.5(b). 

The notice of appeal was due April 27, 2009.  See
Tex. R. App. P. 26.2(a)(1).  Appellant=s pro se notice of
appeal was not filed until April 30, 2009.  The record reflects it was placed
in the mail on April 28, 2009, one day late.  Appellant=s notice of appeal was filed within
fifteen days of the deadline, but no motion for extension of time was filed.  See
Olivo v. State, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996).  Although the
Court of Criminal Appeals has interpreted Tex. R. App. P. 26.3  similarly to
the Texas Supreme Court in regards to amending a defective notice of appeal, see
Few v. State, 230 S.W.3d 184, 189-90 (Tex. Crim. App. 2007); Bayless v.
State, 91 S.W.3d 801 (Tex. Crim. App. 2002), the Court has not held that an
extension is implied if a notice of appeal is filed within fifteen days after
the deadline.  See Verburgt v. Dorner, 959 S.W.2d 615, 617 (Tex.
1997).  This court has
no authority to allow the late filing of a notice of appeal except as provided
by Rule 26.3.  See Olivo, 918 S.W.2d at 522.  

If an
appeal is not timely perfected, a court of appeals does not obtain jurisdiction
to address the merits of the appeal and can take no action other than to
dismiss the appeal.  See Slaton v. State, 981 S.W.2d 208, 210
(Tex. Crim. App. 1998).  Accordingly, the appeal is ordered dismissed.

 

PER
CURIAM

 

 

Panel consists of Justices Seymore, Brown, and
Sullivan.

Do Not Publish C Tex. R. App. P.
47.2(b).