Opinion issued June 17, 2010

 



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-07-01080-CR

NO.
01-09-01102-CR

NO.
01-09-01103-CR

NO.
01-09-01104-CR

NO.
01-09-01105-CR

NO.
01-09-01106-CR

NO.
01-09-01107-CR

NO.
01-09-01108-CR

NO.
01-09-01109-CR

NO.
01-09-01110-CR

NO.
01-09-01111-CR

NO.
01-09-01112-CR

NO.
01-09-01113-CR

NO.
01-09-01114-CR

NO.
01-09-01115-CR

NO.
01-09-01116-CR

NO.
01-09-01117-CR

NO.
01-09-01118-CR

NO.
01-09-01119-CR

NO.
01-09-01120-CR

NO.
01-09-01121-CR

NO. 01-09-01122-CR

NO.
01-09-01123-CR

———————————

Marcus Demon Lair, Appellant

V.

The State of
Texas, Appellee



 



 

On Appeal from the 278th District Court 

Grimes County, Texas



Trial Court Case No. 16,185 (Counts II, III, IV, V, VII, IX,
X, XI, XII, XIII, XIV, XV, XVIII, XIX, XX, XXI, XXII, XXIII, XXIV, XXV, XXVIII,
XXIX, XXXI)

 



 

CONCURRING OPINION

          I
concur in the judgments, but write separately to encourage the adoption of the
holding of Verburgt[1] to late-filed notices of appeal in criminal cases.

          I
recognize that, under the holding of Olivo,[2] we are compelled to dismiss the attempted appeals in this
case for want of jurisdiction.  But the
decision in Olivo preceded the Texas
Supreme Court’s decision in Verburgt by a year, and the Olivo
court cited to appellate decisions in civil cases that have since been effectively
overruled by Verburgt.  See Olivo, 918 S.W.2d at 524.  Since the supreme court’s decision
in Verburgt, the Texas Court of Criminal
Appeals has neither adopted nor declined to adopt the holding of Verburgt.  Nor has it
addressed the change in civil appellate jurisprudence as a result of Verburgt or the disparate
treatment of criminal and civil appellants resulting from the inconsistent
holdings of Olivo and Verburgt.  

I recognize that a criminal
appellant may file—and would
prevail on—a petition for writ of
habeas corpus requesting an out-of-time appeal because his counsel failed to
file both a notice of appeal and a motion for extension of time within fifteen
days of the deadline for filing the notice of appeal.  But such remedy is cumbersome, costly,
inefficient, and elevates form over substance only to return the criminal
appellant to the same position now enjoyed by civil appellants without such collateral
proceedings.  I see no reason why
potential civil and criminal appellants, identically situated, should be
treated differently. 

In the twelve years that have passed
since the two highest courts of our state took divergent paths on this
question, the Court of Criminal Appeals has “functionally embraced an approach
to perfecting appeals and notice of appeal closer to that of the Texas Supreme
Court” which declines “to elevate form over substance.” See Few v. State, 230 S.W.3d 184, 189 (Tex. Crim. App. 2007)
(internal citations and quotations omitted). 
It has also stated that “a person’s right to appeal a civil or criminal
judgment should not depend upon tracking through a trail of technicalities.”  Id. at
190.  Adopting the holding of Verburgt would further
this purpose and also provide for more uniform justice for those who seek
relief from the appellate courts of our state. 
Criminal appellants should not find the door to the appellate courts
closed to them while civil appellants in an identical procedural posture are permitted
to enter and to have their case heard.  But
before an appellant may enter, he must knock. 
Appellants must petition the Court of Criminal Appeals to consider this
issue.  I urge appellants to provide the Court
of Criminal Appeals an opportunity to adopt the holding of Verburgt and to bring procedural consistency to our civil and
criminal appellate jurisprudence. 

 



 

                                                                    Jim
Sharp

                                                                   Justice


 

Panel consists of Chief Justice Radack and Justices
Bland and Sharp.

Publish.  Tex. R. App. P. 47.2(b).











[1]           Verburgt
v. Dorner, 959 S.W.2d 615 (Tex.
1997).

 





[2]           Olivo v. State, 918 S.W.2d 519, 523 (Tex.
Crim. App. 1996).