COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| | § | No. 08-11-00334-CV |
| IN THE ESTATE OF | § | Appeal from |
| RODOLFO MORALES, DECEASED. | § | Probate Court No. 1 |
| | § | of El Paso County, Texas |
| | § | (TC # 2009-P00817) |
| | § | |

## <u>MEMORANDUM OPINION</u>

This appeal challenges the probate court's denial of Maria M. Morales's application for declaration of heirship. The court found that Maria Morales and decedent Rodolfo Morales were divorced prior to Rodolfo Morales's death, and that Maria Morales therefore had no standing to apply for a declaration of heirship. Maria Morales appeals, claiming that the purported decree of divorce was void. We affirm.

### Standard of Review

The sole issue in this case concerns whether the probate court made an incorrect legal conclusion concerning the validity of a divorce decree. The standard of review for legal conclusions is whether they are correct; we review the challenged conclusion *de novo* as a question of law. *Heritage Resources, Inc. v. Hill,* 104 S.W.3d 612, 621 (Tex.App.--El Paso

2003, pet. denied). In other words, we independently evaluate conclusions of law to determine their correctness when they are attacked as a matter of law. *Id.*

## Facts

Maria Morales and Rodolfo Morales were married in August 1986. They had no children together, but Rodolfo Morales had children from an earlier marriage to Lillian Lopez Morales; that marriage ended in divorce in March 1986. Rodolfo[1] died intestate on May 24, 2009. Maria filed her application for declaration of heirship in El Paso County Probate Court Number One, stating that she had an interest in the estate as decedent's widow. Gilbert Morales, one of decedent's children from his marriage to Lillian, filed an answer, stating that Maria had no interest in the estate as she and Rodolfo had been divorced on June 30, 1988.

The probate court held a hearing on April 21, 2010 to determine the issue of whether Maria was married to Rodolfo at the time of his death. The court heard no testimony, but took judicial notice of all filings in cause numbers 88-1894 and 88-2132. Following the hearing, the probate court found that "Maria M. Morales and Rodolfo Morales, (Decedent), were legally divorced on June 30, 1988. Therefore at the time of Rodolfo Morales' death he was not married to Maria M. Morales." The probate court further found that Maria had no interest in the estate, and denied Maria's application to declare heirship. The court later entered judgment declaring heirship of Rodolfo's surviving children, restating that Rodolfo had not been married at the time of his death. The court made findings of fact regarding Maria's application, including:

> Maria M. Morales filed for divorce from Rodolfo Morales in El Paso County in cause number 88-1894.

> Rodolfo Morales filed for divorce from Maria M. Morales in El Paso County in cause number 88-2132.

> The two divorce cases were consolidated on March 22, 1988.

---

[1] Because all involved share the name Morales, we refer to them by first names hereafter.

A Master's Report of Final Divorce, which adjudged that Petitioner and Respondent were divorced, was signed by Lupe Rivera-Eggemeyer, Court Master on June 30, 1988 in cause number 88-2132.

The Master's Report of Final Divorce was adopted, confirmed and ordered by Judge Sam Paxson on June 30, 1988.

Maria M. Morales and Rodolfo Morales were legally divorced on June 30, 1988.

Maria M. Morales filed a Motion for Enforcement and Clarification of Prior Order on August 24, 1988 seeking to enforce and clarify the Divorce Decree with regard to payment of $2,500 to her by Rodolfo Morales for her interest in the community property.

Maria M. Morales believed she and the Decedent were divorced when she filed the Motion for Enforcement and Clarification of Prior Order.

On November 1, 1988 an Agreed Order on Motion for Enforcement and Clarification of Prior Order was signed by Lupe Rivera-Eggemeyer, Court Master and agreed to by Enrique Ramirez as attorney for Maria M. Morales and Doris A. Sipes, Attorney for Rodolfo Morales.

Those facts are undisputed here. Also established by the record is that Maria moved to non-suit her divorce action in 88-1894 on May 23, 1988, and the district judge dismissed her case the same date. Rodolfo filed his Motion to Reopen 88-2132 in County Court at Law Number One on July 13, 1988,[2] which was granted by the court master the same date.

**Divorce filings, consolidation, dismissal and judgment**

In a single issue, Appellant Maria Morales urges that she was never legally divorced from decedent, as the decree of divorce was void. In sum, her argument is that because she non-suited her divorce action in 88-1894, the trial court lost plenary jurisdiction before entering the decree in 88-2132. We do not agree.

First, we note that a judgment is void only when it is clear that the court rendering the judgment had no jurisdiction over the parties or subject matter, no jurisdiction to render

---

[2] Although the motion to reopen was filed and granted after the decree of divorce was signed, those acts occurred within the plenary jurisdiction of the trial court.

3

judgment, or no capacity to act as a court. *State ex rel. Latty v. Owens,* 907 S.W.2d 484, 485 (Tex. 1995). Mere failure to follow proper procedure will not render a judgment void. *Id.* The district court here had jurisdiction over the parties and the subject matter, and it certainly had capacity to act as a court. The only theory under which this decree could be void, therefore, is that the court had no jurisdiction to render judgment. Thus, Maria argues that plenary jurisdiction had expired thirty days after Maria's non-suit order was signed.

The Texas Rules of Civil Procedure provide that plaintiff (or here, petitioner) was entitled to dismiss her case or take a non-suit any time before she has finished presenting evidence in her case-in-chief. TEX.R.CIV.P. 162. This she did. The rule goes on to state, however, that any such dismissal shall not prejudice the right of an adverse party to be heard on a pending claim for affirmative relief. *Id.* Although petitioner Maria was free to dismiss her petition for divorce, that dismissal did not effect the petition of Rodolfo independently asking for divorce. *See Texas Mut.. Ins. Co. v. Ledbetter,* 251 S.W.3d 31, 37 (Tex. 2008). So long as that request for affirmative relief remained pending, the court retained jurisdiction and plenary power could not expire.

Instead of continuing under the consolidated cause in 88-1894, Rodolfo (for reasons unexplained) obtained his divorce and filed a "motion to reopen" in 88-2132. County Court at Law One ordered the case reopened under the higher cause number.[3] Contrary to Maria's position that Rodolfo was required to move for reinstatement of his action or file a motion for new trial in 88-1894 within 30 days of the non-suit, her non-suit had no effect on his pending petition for divorce. Thus, Rodolfo could appropriately ask permission to resume proceedings

---

[3] Although it would have been the better practice, had Rodolfo obtained a transfer order from the 205th District Court back to County Court at Law One, we cannot see that the way in which he proceeded deprived the court of jurisdiction.

4

under the number, and in the court, he was originally assigned. At most, we find this was a mere procedural irregularity which could not result in a void judgment. *Owens,* 907 S.W.2d at 485.

Further, Maria seems to argue that the document entitled "Master's Report of Final Divorce" dated June 30, 1988 was not a decree of divorce. Although we find the reasoning here a little difficult to follow, we note that the report was adopted, confirmed and ordered on June 30, 1988 by Sam M. Paxson, a district judge. The court master certified to the judge of the referring court that the findings were rendered in open court and read aloud to the parties and their attorneys. Both parties were present and represented by counsel at the final hearing.

All this has happened before, and it will happen again. In *Few v. State,* 230 S.W.3d 184, 190 (Tex.Crim.App. 2007), for example, defendant filed her notice of appeal under a cause number that had been superceded by a new indictment. The court of criminal appeals, reversing this court, held that the notice of appeal sufficiently invoked appellate jurisdiction even though it had been filed under the wrong number. *Id.* In so finding, the court observed that all parties knew "exactly which conviction Appellant wanted to appeal." *Id.* In *Polston v. State,* 2011 WL 3435389 (Tex.App.--Austin 2011, pet ref'd) two cases, with different cause numbers, were consolidated for trial. A jury convicted defendant in both cases, but his motion for new trial listed only one cause number. The court of appeals found that his notice of appeal was timely as to both cases, despite having been filed more than thirty days from the date of judgment. It noted that the cases had been:

> consolidated for trial and remained consolidated at the time Polston filed his motion for new trial. Thus, when Polston timely filed a motion for new trial in cause number 5305, [it] was effective for both causes, and Polston had 90 days from the date his sentence was imposed . . . to file his notice of appeal in each cause. . . . To hold that such an oversight deprives this Court of jurisdiction over one of two causes that had been consolidated for trial and had remained consolidated following trial would be to "elevate form over substance," which we decline to do here. *Polston* 2011 WL 3435389 *3, quoting *Few,* 230 S.W.3d at 190.

Similarly here, Maria and Rodolfo filed independent divorce petitions which were consolidated under the earlier cause number. Although Maria elected to non-suit her petition, which happened to be the earlier filed, Rodolfo's remained pending until the divorce decree was entered albeit under his later-filed cause number. All parties had full knowledge of the entry of the decree, and indeed Maria even filed for enforcement under the later number. Under the undisputed facts, we find that the 205th District Court clearly had jurisdiction to enter a decree of divorce in cause number 88-2132. Any procedural irregularities in the journey to judgment did nothing to change this.

## Conclusion

We agree with the probate court's legal conclusions that Maria Morales and Rodolfo Morales were legally divorced on June 30, 1988, and that Maria thus had no interest in Rodolfo's estate. We therefore affirm the probate court's denial of Maria's application for declaration of heirship.

September 11, 2013

SUSAN LARSEN, Senior Judge

Before McClure, C.J., Larsen, J. (Senior), and Barajas, C.J. (Senior)
Larsen, J. (Senior Judge), sitting by assignment
Barajas, C.J. (Senior Judge), sitting by assignment