**AFFIRM; and Opinion Filed March 31, 2014.**



In The

## Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-13-00143-CR

### BARBARA ANN THOMAS, Appellant

### V.

### THE STATE OF TEXAS, Appellee

### On Appeal from the 265th Judicial District Court
### Dallas County, Texas
### Trial Court Cause No. F-1260292-R

## MEMORANDUM OPINION

Before Justices Francis, Lang-Miers, and Lewis
Opinion by Justice Lang-Miers

Appellant Barbara Ann Thomas waived a jury and pleaded guilty to the offense of prostitution with three or more prior prostitution convictions. The trial court assessed punishment at 365 days' confinement in state jail. The trial court's judgment also included orders that appellant pay $244 in court costs. In two issues, appellant argues that this Court has jurisdiction to consider this appeal and that the evidence is insufficient to support the trial court's order that appellant pay $244 in court costs. We affirm.

#### JURISDICTION

In her first issue, appellant argues that this Court has jurisdiction over this appeal even though her notice of appeal was addressed to the trial court's judge rather than the Dallas County

district clerk's office as required by rule of appellate procedure 9.2(b). *See* TEX. R. APP. P. 9.2(b). By previous order, this Court ordered appellant to specifically discuss in her brief "whether appellant's having addressed the envelope in which the notice of appeal was mailed to the trial court judge rather than the Dallas County District Clerk satisfies the requirement that the envelope be properly addressed and sent to the proper clerk." *See id.* Also in that order, we adopted the trial court's findings that appellant desires to pursue the appeal, that she delivered her notice of appeal to prison authorities for mailing no later than December 13, 2012, the post-mark date on the envelope in which the notice of appeal was mailed, and that appellant is indigent. December 13, 2012 was within thirty days after the day that the trial court imposed appellant's sentence on November 27, 2012. *See* TEX. R. APP. P. 26.2(a)(1) (requiring that notice of appeal be filed within thirty days after the day sentence is imposed).

In her brief, appellant argues that she made a bona fide effort to invoke this Court's jurisdiction by mailing her pro se notice of appeal in a timely manner while incarcerated. She also asserts that this Court should construe the rule liberally so that she does not lose her right to appeal based on requirements not absolutely necessary to effect the purpose of the rule and due to a procedural defect that is harmless. The State does not contest jurisdiction. The State contends that the facts show that, within thirty days of her sentencing and while incarcerated, appellant expressed her desire to appeal to the trial court judge in a notice of appeal and to the district court clerk in a letter in which she stated that she had written to her attorney because she was supposed to be asking for a "motion to reconsider or Appeal or Motion for shock probation[.]"

We agree that we have authority to review this appeal. *See* TEX. R. APP. P. 25.2(b), (c)(2) (providing that, "[i]n a criminal case, appeal is perfected by timely filing a sufficient notice of appeal" and "[n]otice is sufficient if it shows the party's desire to appeal from the judgment or

other appealable order"); *Few v. State*, 230 S.W.3d 184, 189–90 (Tex. Crim. App. 2007); *see also Campbell v. State*, 320 S.W.3d 338, 343–44 (Tex. Crim. App. 2010) (recognizing "the unique circumstances of *pro se* inmate litigants" in connection with filing a notice of appeal).

## COURT COSTS

In her second issue, appellant argues that the evidence is insufficient to support the trial court's order for appellant to pay $244 in court costs because the clerk's record does not contain a bill of costs. The record before us contains the bill of costs. This Court has previously addressed and rejected the same argument appellant raises. *See Johnson v. State*, No. PD-0193-13, 2014 WL 714736, at *4–8 (Tex. Crim. App. Feb. 26, 2014); *Coronel v. State*, 416 S.W.3d 550, 555–56 (Tex. App.—Dallas 2013, pet. ref'd). We overrule appellant's second issue.

## CONCLUSION

We affirm the trial court's judgment.

/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE

Do Not Publish
Tex. R. App. P. 47.2(b)

130143F.U05

–3–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

BARBARA ANN THOMAS, Appellant

No. 05-13-00143-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 265th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F-1260292-R.
Opinion delivered by Justice Lang-Miers,
Justices Francis and Lewis participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 31st day of March, 2014.

/Elizabeth Lang-Miers/

ELIZABETH LANG-MIERS
JUSTICE