

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-14-00342-CR

_____

JEREMY JOHN MCCOY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 108th District Court
Potter County, Texas
Trial Court No. 67,481-E; Honorable Douglas R. Woodburn, Presiding

October 10, 2014

## ABATEMENT AND REMAND

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Following an open plea of guilty, Appellant Jeremy John McCoy, was convicted of theft[1] and sentenced to two years confinement in a state jail facility and a $1,000 fine. At trial Appellant was represented by appointed counsel. The *Trial Court's Certification of Defendant's Right of Appeal* indicates he has the right of appeal. Appellant filed a

---

[1] TEX. PENAL CODE ANN. § 31.03(e)(4)(A) (West Supp. 2014).

*pro se* notice of appeal expressing a bona fide attempt to invoke this Court's jurisdiction. *See Few v. State*, 230 S.W.3d 184, 189 (Tex. Crim. App. 2007).

The clerk's record was originally due to be filed on September 15, 2014. On that date, the Clerk filed a request for extension of time to file the clerk's record noting that Appellant has not paid or made arrangements to pay for the record. By letter dated that same date, the deadline was extended until October 15, 2014. The letter also directed Appellant to certify to this Court in writing whether he had complied with Rule 35.3(a)(2) of the Texas Rules of Appellate Procedure. The written certification was due on or before September 29, 2014. Presently, Appellant has not complied with this Court's directive and the clerk's record has yet to be filed.

The trial court clerk is responsible for preparing, certifying, and timely filing the clerk's record once a notice of appeal is filed and payment has been made or the party responsible for paying is entitled to proceed without payment.[2] TEX. R. APP. P. 35.3(a). Additionally, trial and appellate courts are jointly responsible for ensuring that the appellate record is timely filed. *Id.* at 35.3(c).

To avoid further delay, we now abate this appeal and remand the cause to the trial court for further proceedings. *Id.* at 37.3(a)(2). Upon remand, the trial court shall determine whether Appellant wishes to continue this appeal and whether he is indigent and entitled to appointed counsel. Should it be determined that Appellant does want to prosecute this appeal and is entitled to appointed counsel, the court shall appoint counsel and immediately provide the name, address, telephone number and state bar

---

[2] As previously noted, Appellant was indigent at the time of trial and incarcerated at the time he filed his notice of appeal.

2

number of appointed counsel to the Clerk of this Court. Additionally, the trial court shall utilize whatever means necessary to determine the reasons for the delay in the filing of the clerk's record and take such action as is necessary to ensure the filing of the clerk's record on or before November 10, 2014.

It is so ordered.

Per Curiam

Do not publish.