# NO. 12-23-00247-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *AKEEM JAMAR HURTS,* *APPELLANT* | § | *APPEAL FROM THE 217TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *ANGELINA COUNTY, TEXAS* |

### MEMORANDUM OPINION
### PER CURIAM

Akeem Jamar Hurts filed a notice of appeal from a judgment in which sentence was imposed on August 16, 2023. In a criminal case, the appellant perfects an appeal by timely filing a sufficient notice of appeal. TEX. R. APP. P. 25.2(b). The notice of appeal must be filed (1) within thirty days after the day sentence is imposed or suspended in open court or after the day the trial court enters an appealable order, or (2) within ninety days after the day sentence is imposed or suspended in open court if the defendant timely files a motion for new trial. TEX. R. APP. P. 26.2(a). The appellate court may extend the time for filing a notice of appeal if, within fifteen days after the deadline for filing the notice, the party files in the trial court the notice of appeal and files in the appellate court a motion complying with Rule 10.5(b). TEX. R. APP. P. 26.3. Here, Appellant did not file a motion for new trial. He filed a pro se notice of appeal on September 27, after expiration of the time for filing a timely notice of appeal, and did not file a motion for extension of time.[1]

---

[1] Unlike the Texas Supreme Court, the Texas Court of Criminal Appeals has not held that an extension is implied when a notice of appeal is filed within fifteen days after the filing deadline. *Lair v. State*, 321 S.W.3d 158, 159 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd) (citing *Few v. State*, 230 S.W.3d 184, 189–90 (Tex. Crim. App. 2007), *Bayless v. State*, 91 S.W.3d 801 (Tex. Crim. App. 2002), *Verburgt v. Dorner,* 959 S.W.2d 615, 617 (Tex. 1997)).

On October 2, the Clerk of this Court notified Appellant that the information received failed to show the jurisdiction of the Court, i.e., there was no notice of appeal filed within the time allowed by the rules of appellate procedure and no timely motion for an extension of time to file the notice of appeal. *See* TEX. R. APP. P. 26.2(a), 26.3. We informed Appellant that the appeal would be dismissed unless the information was amended on or before October 12 to show this Court's jurisdiction.

Appellant's appointed counsel filed an amended notice of appeal on October 11, explaining that he e-filed a timely notice of appeal on September 13, but the Angelina County District Clerk's Office rejected the filing because "[w]e are unable to accept this as there has not been a judgment filed."

As previously stated, when an appellant does not file a motion for new trial, the notice of appeal must be filed within thirty days after the day sentence is imposed or suspended in open court or after the day the trial court enters an appealable order. TEX. R. APP. P. 26.2(a). Sentenced was imposed on August 16 and counsel timely attempted to file a notice of appeal on September 13, within thirty days after sentence was imposed. A clerk is "responsible for forwarding a copy of the notice of appeal to the appellate court[.]" *Anderson v. State*, 625 S.W.3d 128, 132 (Tex. Crim. App. 2021); *see* TEX. R. APP. P. 25.2(e). Once an appellant delivers a notice of appeal to the clerk for filing, be it timely or untimely, the determination of appellate jurisdiction must be made by the appellate court, not the clerk. *See In re Gilmer*, No. 12-20-00120-CR, 2020 WL 2177227, at *1 n.2 (Tex. App.—Tyler May 6, 2020, orig. proceeding) (per curiam) (mem. op., not designated for publication). The Angelina County District Clerk's Office should have forwarded the notice of appeal to this Court.

But this Court is not authorized to extend the time for perfecting an appeal except as provided by the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 26.2, 26.3; *see also Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). "When an appellate court's jurisdiction has not been invoked with a timely notice of appeal, it may not use rule 2 to suspend the rules so as to bootstrap itself into having jurisdiction." *Sloan v. State*, No. 05-18-00259-CR, 2018 WL 2252424, at *2 (Tex. App.—Dallas May 17, 2018, no pet.) (mem. op., not designated for publication); *see* TEX. R. APP. P. 2 (suspension of rules). Rather, an appellant must seek an out of time appeal, which this Court lacks authority to grant. *See Hernandez v. State*, No. 05-19-01265-CR, 2019 WL

5541264, at *1 (Tex. App.—Dallas Oct. 28, 2019, no pet.) (mem. op., not designated for publication) ("To the extent appellant seeks an out of time appeal, he raises his complaint in the improper forum"); *see also Pete v. State*, No. 05-18-00573-CR, 2018 WL 3062507, at *1 (Tex. App.—Dallas June 21, 2018, no pet.) (mem. op., not designated for publication) (intermediate appellate court may obtain jurisdiction after deadlines passed "only if the Texas Court of Criminal Appeals grants the defendant the ability to pursue an out-of-time appeal"); *Kossie v. State*, No. 01-16-00738-CR, 2017 WL 631842, at *1-2 (Tex. App.—Houston [1st Dist.] Feb. 16, 2017, no pet. h.) (mem. op., not designated for publication) (dismissing for lack of jurisdiction because appellant could not pursue out of time appeal without permission from court of criminal appeals); TEX. CODE CRIM PROC. ANN. art. 11.05 (West 2005) (Texas Court of Criminal Appeals, District Courts, County Courts, or any Judge of said Courts, have power to issue the writ of habeas corpus); *see also Ex parte Toran*, No. WR-88,006-01, 2018 WL 1101238, at *1 (Tex. Crim. App. Feb. 28, 2018) (per curiam) (op., not designated for publication) (granting out of time appeal where trial counsel attempted to e-file notice of appeal, but notice was not received or filed and trial court recommended granting out-of-time appeal based on breakdown in the system).

Although Appellant attempted to timely file a notice of appeal and the notice of appeal was not timely filed due to no fault of his own, this Court nevertheless lacks authority to extend the time for perfecting an appeal. Thus, we *dismiss* Appellant's appeal for *want of jurisdiction*. *See Olivo*, 918 S.W.2d at 522*; see Sloan*, 2018 WL 2252424, at *1-2 (dismissing for want of jurisdiction given technical issue with efiling system, noting that remedy is to seek out of time appeal); *see also Varela v. State*, No. 13-10-00521-CR, 2010 WL 4657948, at *1 (Tex. App.—Corpus Christi Nov. 18, 2010, no pet.) (per curiam) (mem. op., not designated for publication) (dismissing for want of jurisdiction where counsel argued that he efiled notice of appeal but was unaware county did not accept efilings and noting that appellant may be entitled to out of time appeal); TEX. R. APP. P. 43.2(f).

Opinion delivered October 31, 2023.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**OCTOBER 31, 2023**

**NO. 12-23-00247-CR**

**AKEEM JAMAR HURTS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 217th District Court

of Angelina County, Texas (Tr.Ct.No. 2020-0757)

THIS CAUSE came on to be heard on the appellate record, and the same being considered, it is the opinion of this Court that it is without jurisdiction of the appeal, and that the appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that this appeal be, and the same is, hereby **dismissed for want of jurisdiction**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*