In The

## *Court of Appeals*

## *Ninth District of Texas at Beaumont*

_____

### NO. 09-23-00399-CR
_____

### JEREMY STEVEN CLARY, Appellant

### V.

### THE STATE OF TEXAS, Appellee

_____

**On Appeal from the 411th District Court**
**San Jacinto County, Texas**
**Trial Cause No. CR13,824**

_____

### MEMORANDUM OPINION

On November 2, 2023, the trial court sentenced Jeremy Steven Clary after a jury found Clary guilty of sexual assault of a child in Trial Cause Number CR13,824. After Clary was found guilty and sentenced in Trial Cause Number CR13,824, in a different case in Trial Cause Number CR14,088, on November 16, 2023, the State filed a motion to dismiss and the trial court dismissed an indictment that charged Clary with indecency with a child. On December 8, 2023, Clary filed a *pro se* notice of appeal from the judgment in Trial Cause Number CR14,088. On February 24,

2024, Clary filed an amended notice of appeal that changed the trial cause number in his previous notice of appeal from CR14,088 to CR13,824.

A clerical defect in a notice of appeal should not be described as affecting jurisdiction. *Few v. State*, 230 S.W.3d 184, 189 (Tex. Crim. App. 2007). If a notice of appeal mistakenly recites the wrong case number, the appellate court must provide a reasonable opportunity for the appellant to amend the notice of appeal to correct the information required by Rule 25.2(c). *Id.* at 190. An appellant may correct a defect in a notice of appeal by filing an amended notice of appeal that relates back to the date the appellant filed the defective notice of appeal. *See* Tex R. App. P. 25.2(f). But Rule 25.2(f) cannot be used to enlarge the appellate court's jurisdiction *See State v. Riewe*, 13 S.W.3d 408, 413-14 (Tex. Crim. App. 2000).

The trial court sentenced Clary in Trial Cause Number 13,824 on November 2, 2023. Clary did not file a motion for new trial. To perfect his appeal, Clary had to file a notice of appeal by Monday, December 4, 2023. *See* Tex. R. App. P. 26.2(a)(1); *see also* Tex. R. App. P. 4.1(a). To obtain an extension of time to file his notice of appeal, Clary had to file the notice of appeal with the trial court within fifteen days of the date the notice was due, and he also had to file a motion for an extension of time with the appellate court. *See* Tex. R. App. P. 26.3. Clary failed to timely request an extension of time to file his notice of appeal. "When a notice of appeal, but no motion for extension of time, is filed within the fifteen-day period, the court of

2

appeals lacks jurisdiction to dispose of the purported appeal in any manner other than by dismissing it for lack of jurisdiction." *Olivo v. State*, 918 S.W.2d 519, 523 (Tex. Crim. App. 1996). We dismiss the appeal for lack of jurisdiction.

APPEAL DISMISSED.

PER CURIAM

Submitted on April 16, 2024
Opinion Delivered April 17, 2024
Do Not Publish

Before Horton, Johnson and Wright, JJ.