**Derrick Devonne WILSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–05–00202–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Oct. 19, 2007.

---

Vivian R. King, Houston, TX, for Appellant.

William J. Delmore III, Assistant District Attorney, Houston, TX, for Appellee.

Derrick Devonne Wilson, Beeville, TX, pro se.

Panel consists of Chief Justice RADACK and Justices ALCALA and BLAND.

## ORDER

ELSA ALCALA, Justice.

Appellant, Derrick Devonne Wilson, pleaded guilty to the offense of aggravated robbery. Appellant entered into a plea bargain with the State that capped the sentence that the trial court could assess as punishment. The plea papers signed by appellant, his attorney, the State's attorney, and the trial court show that appellant pleaded guilty "without an agreed rec[ommendation], to a presentence investigation[,] although agree to a 25 year sentence cap." A reporter's record was prepared of the proceedings at the sentencing hearing, where appellant's attorney and the State's attorney each represented to the court that appellant pleaded guilty "with the stipulation that there would be a cap on the sentence of 25 years." After considering the presentence report and evidence admitted at the hearing, the trial court sentenced appellant to 25 years in prison, a punishment that fell within the agreed cap. In conflict with the plea papers and the trial court's statements at the sentencing hearing, the judgment states "no rec[ommendation] PSI."

The trial court certified that this is not a plea-bargain case, and the defendant has the right of appeal. The trial court appointed appellate counsel, who filed an *Anders* brief stating that the appeal is without merit and that there are no arguable grounds for reversal. Appellant filed a pro se response brief asserting four points of error,[1] and we submitted the case for consideration. We conclude that the certification that states that this is not a plea-bargain case is erroneous because an agreement to cap the punishment is a plea bargain. We order the trial court to amend the certification.

## Certification of Right to Appeal

Effective January 2003, Texas Rule of Appellate Procedure 25.2(a)(2) requires the

---

1. The points of error raised by appellant in his pro se brief are: (1) he was entitled to an examination and a hearing to determine his competency because of his history of mental disorder; (2) he received ineffective assistance of counsel at trial based on his counsel's failure to raise the competency issue; (3) his plea of guilty was involuntarily entered because he was promised he could get probation and because he is incompetent; and (4) appellant's statements to law enforcement officials were involuntary due to his incompetence.

trial court to certify the defendant's right of appeal by selecting the appropriate box on the certification form contained in Appendix D to the Texas Rules of Appellate Procedure. TEX.R.APP. P. 25.2(a); *Hargesheimer v. State*, 182 S.W.3d 906, 911 (Tex.Crim.App.2006). The choices on the form include the following: not a plea-bargain case and the defendant has the right of appeal; a plea-bargain case in which the defendant has the right of appeal because he satisfied the requirements of Rule 25.2(a)(2)(A) or (a)(2)(B); a plea-bargain case in which the defendant has no right of appeal; or a case in which the defendant waived his right of appeal. *Hargesheimer*, 182 S.W.3d at 911.[2] Rule 25.2(a)(2) states,

> A defendant in a criminal case has the right of appeal. . . . The trial court shall enter a certification of the defendant's right of appeal in every case in which it enters a judgment of guilt or other appealable order. In a plea bargain case—that is, a case in which a defendant's plea was guilty . . . and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant—a defendant may appeal only:
>
> (A) those matters that were raised by written motion filed and ruled on before trial, or
>
> (B) after getting the trial court's permission to appeal.

TEX.R.APP. P. 25.2(a)(2).

The Rules of Appellate Procedure require that the trial court file a certification of the defendant's right of appeal. TEX. R.APP. P. 25.2(d). The rules also require that the appeal be dismissed if no certification is made part of the record. *Id.* Rule 25.2(d) specifically states,

> If the defendant is the appellant, the record must include the trial court's certification of the defendant's right of appeal under Rule 25.2(a)(2). The certification should be part of the record when notice is filed, but may be added by timely amendment or supplementation under this rule or Rule 34.5(c)(2). The appeal must be dismissed if a certification that shows the defendant has the right of appeal has not been made part of the record under these rules.

*Id.*[3]

When a certification has a defect or omission, it may be amended under certain circumstances. TEX.R.APP. P. 25.2(f). The certification may be amended in accordance with Rule 37.1. TEX.R.APP. P. 25.2(f), 37.1. Under Rule 37.1, if the appellate clerk determines that the certification is defective, the appellate clerk must notify the parties of the defect in the certification so that it can be remedied, if possible. TEX.R.APP. P. 37.1. If, after 30 days of the date of the clerk's notice, a proper certification of the right of appeal is not filed, the clerk must refer the matter to the appellate court. *Id.* The appellate court must then make an appropriate order under Rule 34.5(c)(2) or 37.1. TEX. R.APP. P. 34.5(c)(2), 37.1. Rule 34.5(c)(2) provides that if the appellate court orders

---

**2.** Effective September 1, 2007, the trial court's certification form was amended to require the signature of both defendant and his trial attorney and to inform defendant of rights concerning any appeals, including the right to file a pro se petition for discretionary review with the Court of Criminal Appeals.

**3.** The Court of Criminal Appeals recently amended the Texas Rules of Appellate Proce-

dure 25.2(d), effective September 1, 2007, to include the provision that: The certification shall include a notice that the defendant has been informed of his rights concerning the appeal, as well as any right to file a pro se petition for discretionary review. This notification shall be signed by the defendant, with a copy given to him.

the trial court to file a certificate of the defendant's right of appeal, the trial court must prepare the certificate and file it in the appellate court. TEX.R.APP. P. 34.5(c)(2).

Alternatively, the rules allow amendment of the certification at any time before the appellant's brief is filed. TEX.R.APP. P. 25.2(f). However, after the appellant's brief is filed, the certification may only be amended on terms prescribed by the appellate court and only on leave of the appellate court. *Id.*[4]

■■■ An appellate court that has an appellate record is "obligated to review that record in ascertaining whether the certifications were defective." *Dears v. State,* 154 S.W.3d 610, 613 (Tex.Crim.App. 2005). A certification is defective if it is correct in form "but which, when compared with the record before the court, proves to be inaccurate." *Id.* at 614. When the record is incomplete, the appellate court should review "whatever record does exist that indicates that an appellant has the right to appeal." *Greenwell v. Court of Appeals for Thirteenth Judicial Dist.,* 159 S.W.3d 645, 649 (Tex.Crim.App. 2005). "While an appellate court may require a trial court to certify whether there is a right of appeal, the appellate court may not dictate the content of the certification." *Id.* at 650 n. 24.

### Agreed Sentencing Cap is a Plea Bargain

■■■ An agreement to a sentencing cap is an agreed plea bargain for purposes of Rule 25.2(a)(2). *Chavez v. State,* 183 S.W.3d 675, 680 (Tex.Crim.App.2006); *Shankle v. State,* 119 S.W.3d 808, 813 (Tex. Crim.App.2003); *Harris v. State,* 149 S.W.3d 285, 286 (Tex.App.-Houston [1st Dist.] 2004, pet. ref'd); *Ajagbe v. State,* 132 S.W.3d 491 (Tex.App.-Houston [1st Dist.] 2004, no pet.); *Waters v. State,* 124 S.W.3d 825, 826 (Tex.App.-Houston [14th Dist.] 2003, pet. ref'd); *Threadgill v. State,* 120 S.W.3d 871, 872 (Tex.App.-Houston [1st Dist.] 2003, no pet.). Here, the agreed sentencing cap constitutes a plea bargain under Rule 25.2(a)(2). The record, therefore, shows that this is a plea-bargain case and there is no right of appeal. Thus, the certification is erroneous because it states this is not a plea-bargain case and there is a right of appeal.

### Notice of Incorrect Certification and Intent to Dismiss

■■■ Under this record, unless the trial court gives its permission for the appeal, we have no option but to dismiss the appeal. The record does not show any rulings on written pretrial motions. *See* TEX. R.APP. P. 25.2(a)(2)(A). The record also establishes that appellant has waived the right to appeal. *See Ex parte Delaney,* 207 S.W.3d 794, 796–97 (Tex.Crim.App. 2006). The plea papers signed by appellant show that in exchange for his agreement to plead guilty to a sentence that was capped, he agreed to waive his right to appeal. The plea papers signed by appel-

4. The rule specifically states:
  An amended notice of appeal or trial court's certification of the defendant's right of appeal correcting a defect or omission in an earlier filed notice or certification may be filed in the appellate court in accordance with Rule 37.1, or at any time before the appealing party's brief is filed if the court of appeals has not used Rule 37.1. The amended notice or certification is subject to being struck for cause on the motion of any party affected by the amended notice or certification. After the appealing party's brief is filed, the notice or certification may be amended only on leave of the appellate court and on such terms as the court may prescribe.
  TEX.R.APP. P. 25.2(f).

lant stated, "I waive any right of appeal which I may have should the court accept the foregoing plea bargain agreement...." A valid waiver of the right to appeal is one that was made voluntarily, knowingly, and intelligently. *Id.* "One way to indicate that the waiver was knowing and intelligent is for the actual punishment or the maximum punishment to have been determined by the plea agreement when the waiver was made." *Id.* at 799. The plea papers state the maximum punishment that appellant could receive, the trial court followed the agreement, and the waiver was made at the time of sentencing. These facts are sufficient to show a valid waiver of the right to appeal because they show that the waiver was made voluntarily, knowingly, and intelligently. *See id.*

The Rules of Appellate Procedure provide that an appellate court should allow reasonable time to correct or amend defects in appellate procedure before dismissing an appeal. *See* TEX.R.APP. P. 44.3. Rule 44.3 states,

A court of appeals must not affirm or reverse a judgment or dismiss an appeal for formal defects or irregularities in appellate procedure without allowing reasonable time to correct or amend the defects or irregularities.

*Id.* Rule 44.4 also requires the appellate court to direct the trial court to correct any erroneous action committed by the trial court that the prevents the proper presentation of a case to the court of appeals. TEX.R.APP. P. 44.4. Rule 44.4 provides:

(a) *Generally.* A court of appeals must not affirm or reverse a judgment or dismiss the appeal if:

(1) the trial court's erroneous action or failure or refusal to act prevents the proper presentation of a case to the court of appeals; and

(2) the trial court can correct its action or failure to act.

(b) *Court of Appeals Direction if Error Remediable.* If the circumstances described in (a) exist, the court of appeals must direct the trial court to correct the error. The court of appeals will then proceed as if the erroneous action or failure to act had not occurred.

*Id.*

■ The Rules of Appellate Procedure plainly require that before we dismiss an appeal for a procedural defect that could be remedied, we direct the trial court to correct the procedural error and give appellant time to correct the procedural error. *See* TEX.R.APP. P. 44.3, 44.4.

The Court of Criminal Appeals has not directly addressed whether an appellate court must give the defendant notice of the intent to dismiss due to an erroneous certification that does not give a right of appeal,[5] but it has required that notice in

---

5. This certification said there was a right of appeal but the record established there was not a right of appeal. In the opposite situation, where the certification said there was not a right of appeal, but the record showed there was a right of appeal, the Court of Criminal Appeals has ordered that the certification be amended to conform to the record. *Ex parte Delaney,* 207 S.W.3d 794, 800 (Tex. Crim.App.2006) ("Relief is granted, and the trial court is instructed to certify Appellant's right to appeal issues related to his sentence."); *Hargesheimer v. State,* 182 S.W.3d 906, 913 (Tex.Crim.App.2006) ("[T]he trial judge is instructed to re-certify this case by designating it as 'not a plea-bargain case' on the certification form."); *Dears v. State,* 154 S.W.3d 610, 613 (Tex.Crim.App.2005) (holding appellate court that determines that trial court's certification erroneously states that defendant has no right to appeal, as determined by the record that establishes that defendant has right of appeal, must "use Rules 37.1 and 34.5(c) to obtain another certification, whenever appropriate."); *see also Greenwell v. Court of Appeals for Thirteenth Judicial Dist.,* 159 S.W.3d 645, 650 n. 24 (Tex.Crim.

similar situations when there was a procedural mistake that could be remedied. *Few v. State*, 230 S.W.3d 184, 190 (Tex. Crim.App.2007). The Court of Criminal Appeals recently stated, "[T]he court of appeals was mistaken when it dismissed appellant's appeal without first giving him a reasonable opportunity to correct the defect in his notice of appeal." *Id.* (holding appellate court erred by dismissing appeal due to clerical error in defendant's notice of appeal).

▇ Given the recent decision by Court of Criminal Appeals in *Few* and the language of Rules 44.3 and 44.4, we hold that when the certification is defective by stating that a right of appeal exists where the record affirmatively shows no right of appeal, we must (1) order the trial court to amend the certification to correct the defect in the certification and (2) give both parties advance notice of our intent to dismiss the appeal. *See* Tex.R.App. P. 44.3, 44.4; *Few*, 230 S.W.3d at 190; *Estrada v. State*, 149 S.W.3d 280, 282 (Tex.App.-Houston [1st Dist.] 2004, pet. ref'd); *see also Harris*, 149 S.W.3d at 286; *Barcenas*, 137 S.W.3d at 866; *Ajagbe*, 132 S.W.3d at 491.

### Conclusion

We notify all parties that our review of the record indicates that the certification is defective and we lack jurisdiction. We order the trial court to correct the defec-

tive certification within 14 days from the date of this order.[6]

App.2005) ("While an appellate court may require a trial court to certify whether there is a right of appeal, the appellate court may not dictate the content of the certification.").

6. We have previously abated this case, on January 12, 2007, to obtain a correct certification from the trial court. We have not, however, obtained the corrected certification. The trial court has twice produced a copy of a

certification that states, "Trial court's certification of defendant's right of appeal, amended[.] I, judge of the trial court, certify this criminal case: √ is not a plea-bargain case, and the defendant has the right of appeal." That certification is erroneous. The trial court must amend the amended certification by choosing an option other than that option.