NO. 07-07-0419-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



MAY 29, 2008



______________________________




RICHARD HARLAN CHAPMAN, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE
 

_________________________________



FROM THE 31ST DISTRICT COURT OF WHEELER COUNTY;



NO. 4078; HONORABLE STEVE EMMERT, JUDGE



_______________________________



Before CAMPBELL and HANCOCK and PIRTLE, JJ.

ORDER AND NOTICE


 Pursuant to a guilty plea, Appellant, Richard Harlan Chapman, was convicted by the trial
court of possession of marihuana in an amount of 2,000 pounds or less but more than 50 pounds. 
Punishment was assessed at sixteen years confinement and a $10,000 fine. The clerk's record
filed on January 4, 2008, contains a Trial Court's Certification of Defendant's Right of Appeal
which does not comply with the requirements of Rule 25.2(d) of the Texas Rules of Appellate
Procedure because it is neither signed by Appellant nor does it contain the required
admonishments. (1)

 Consequently, on January 11, 2008, we abated this appeal and remanded the cause to
the trial court for further proceedings. Upon remand, the trial court was instructed to utilize
whatever means necessary to secure a certification in compliance with Rule 25.2(d). Once
properly executed, the certification was to be included in a supplemental clerk's record to be filed
with this Court on or before January 31, 2008. Having failed to receive a response, on March 11,
2008, the clerk of this Court notified the parties of the defect so that it could be remedied, if
possible. The corrected certification was to be filed with the clerk of this Court on or before April
29, 2008. To date, this Court has not received a supplemental clerk's record containing a
properly executed certification.

 This order constitutes notice to all parties, pursuant to Rule 37.1 of the Texas Rules of
Appellate Procedure, of the defective certification. If a supplemental clerk's record containing a
properly executed certification is not filed in with the Clerk of this Court by June 30, 2008, this matter
will be referred to the Court for dismissal. See Tex. R. App. P. 25.2(d), 44.3 and 44.4. See also
Wilson v. State, No.01-05-0202-CR, 2007 WL 3105896, at *3-4 (Tex.App.-Houston [1st Dist.] Oct.
19, 2007, no pet.). 

 It is so ordered.

 Per Curiam

Do not publish. 
1. The proper form for Certification of Defendant's Right of Appeal is contained in Appendix
D of the supplement to the Texas Rules of Appellate Procedure.



stitutional division of the Texas Department of Criminal Justice pending appeal of their
convictions . . . shall be under the control and authority of the institutional division for all
purposes as if no appeal were pending." Tex. Code Crim. Proc. Ann. art. 42.09, §6
(Vernon Supp. 2005) (emphasis added). Given this directive, the State was permitted to
treat appellant like a convicted felon even though his appeal had yet to be finalized via the
issuance of a mandate. 

 Issues Eight and Nine - Suppression of his Confession

 We next address appellant's issues eight and nine for they are generally dispositive
of the others. Through them, he complains of the trial court's refusal to suppress his
confession. It was subject to suppression, in his view, because he was denied his right to
counsel during the execution of the search warrant and his confession was executed after
he had attempted to end the interrogation. We overrule the issues.

 As to the request for an attorney, appellant cites us no authority (and we know of
none) holding that he is entitled to an attorney when officers attempt to execute a search
warrant. And, while requesting an attorney may obligate a suspect's interrogators to halt
further interrogation, they need only do so until counsel is provided or the suspect himself
re-initiates conversation. Dinkins v. State, 894 S.W.2d 330, 350-51 (Tex. Crim. App. 1995). 


 Here, the record contains the following evidence proffered by a police officer who
helped execute the search warrant. At the time the warrant was served, appellant
requested an attorney. Per that warrant, the officers intended to obtain a blood sample
from him. Furthermore, they told appellant that he had no right to an attorney at that point. 
Instead, appellant was taken to the health department whereat personnel extracted several
vials of blood from him. Additionally, neither officer broached with appellant the issue of
his providing a statement. Nor did appellant again request counsel. Nonetheless,
appellant asked to speak to detective Martinez. The latter and appellant knew each other
since they had engaged in prior discussions about other criminal matters. So, his
custodians phoned Martinez to see if he cared to meet with appellant. Martinez agreed to
do so. Thereafter, the officers drove appellant from the health department to the police
station so he and appellant could meet. During that short drive, nothing was said about
appellant offering any statement. Nor did appellant again request to speak to legal counsel. 
And, by the time the group arrived at the station, they had spent approximately 45 minutes
together. 

 Next, when appellant encountered detective Martinez, the two engaged in "small
talk." During this exchange appellant informed Martinez about his general situation and the
prison in which he was incarcerated. This led to Martinez informing appellant of his
Miranda rights. Thereafter, appellant provided Martinez with his version of the events,
which Martinez transcribed. The transcription, which also contained Miranda warnings, was
then given to appellant. Appellant was asked to review its contents and place his initials
next to each Miranda admonition. So too was he asked if he wanted to make any changes. 
He did ask for clarification about a matter but made no changes. So too did he place his
initials next to the warnings and sign the confession before a notary. At no time during the
interview did he ask for counsel or request that the proceeding stop. Nor was he denied
any basic necessities during the meeting, which lasted less than two hours. 

 Though appellant contradicted much of what the officers said, the trial court had the
discretion to choose which witness to believe. As the sole finder of fact, Arnold v. State,
873 S.W.2d 27, 34 (Tex. Crim. App. 1993), it was free to believe or disbelieve any or all of
the evidence presented. Romero v. State, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990). 
And, we must conclude that evidence appeared before it upon which it could have
reasonably determined that while appellant initially requested legal counsel, he also
voluntarily and unilaterally re-initiated discussion with the officers after the request. 
Furthermore, the very same evidence we mentioned above further entitled the trial court
to conclude that appellant's statement was 1) voluntarily given without coercion, threat or
improper influence and 2) not obtained in breach of any request to halt the interview. This
being so, we have no basis to alter the trial court's refusal to suppress the confession and,
therefore, overrule both issues eight and nine. See State v. Ross, 32 S.W.3d 853, 856
(Tex. Crim. App. 2000) (stating that the trial court's determination will not be overturned if
supported by the record, especially when the trial court's findings turn on the witness'
credibility and demeanor). 

 Issues Three through Seven

 The remaining issues before us deal with appellant's ability to attack the validity of
the DNA evidence proffered by the State at trial. They involve appellant's opportunity to
secure evidence and expert testimony which may have been used to discredit the accuracy
of the DNA evidence used to inculpate him. Assuming arguendo that each complaint had
merit, we, nonetheless, would find them to fall short of requiring reversal. This is so
because of appellant's written statement. It too was admitted into evidence at trial and
through it, he confessed to committing the assault. Given his confession to the crime, the
DNA evidence was rendered moot. In short, the admissible evidence of his guilt was
overwhelming and sufficient to render harmless any mistake made by the trial court viz the
DNA evidence and appellant's opportunity to rebut it.

 Accordingly, we affirm the judgment of the trial court.


 Brian Quinn

 Chief Justice

 

Do not publish.


 


1. Then Chief Justice Phil Johnson, who sat on the panel at oral argument, did not participate in this
decision.
2. Section 411.148(a) of the Government Code states: "[a]n inmate serving a sentence for a felony in
the institutional division shall provide one or more blood samples or other specimens for the purpose of
creating a DNA record." Tex. Gov. Code Ann. §411.148(a) (Vernon 2005).