Opinion
issued January 13, 2011

 

 

 

 

 

 

 

 

 

 

 

 

 

 

              

In The

Court of Appeals

For The

First District of Texas

____________

 

NO. 01-10-00121-CR

____________

 

DEAUNDRE RANDALL, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

 



On Appeal from the 208th District Court 

Harris County, Texas

Trial Court Cause No. 1221858

 

 



MEMORANDUM
OPINION

Appellant, Deaundre Randall, was indicted for the offense of capital
murder.  The case was tried to a jury and
resulted in a mistrial.  On re-trial, appellant pleaded guilty to the reduced
offense of murder in exchange for the State’s recommendation that punishment be
capped at confinement for 40 years.  The trial court found
appellant guilty and, in accordance with appellant’s plea agreement with the
State, assessed punishment at confinement for 40 years.  The trial court’s
certification states that appellant waived his right of appeal.  Nevertheless, appellant, proceeding pro se,
timely filed a notice of appeal and requested the appointment of appellate
counsel.

Appellant’s appointed counsel on appeal has filed a motion to withdraw,
along with an Anders brief asserting
that the trial court correctly
certified that appellant waived his right of appeal.  See
Anders v. California, 386 U.S. 738, 87 S. Ct. 1396 (1967).  The
brief also reflects that counsel delivered a copy of the brief to appellant and
advised him of his right to file a pro se response. See In re Schulman 252 S.W.3d 403, 408 (Tex. Crim. App. 2008).  More than 30 days have passed, and appellant
has not filed a response.  See id. at 409 n.23 (adopting 30-day
period for response).  

Generally, when this Court receives an Anders
brief from a defendant’s court-appointed appellate counsel, we conduct a review
of the entire record to determine whether the appeal is frivolous.  See Anders, 386 U.S. at 744, 87 S.Ct.
at 1400; Schulman, 252 S.W.3d at 408.  An appeal is frivolous when it does not
present any argument that could “conceivably persuade the court.” Schulman,
252 S.W.3d at 407 n.12.  

Here, however, we do not undertake the usual Anders
analysis.  A valid waiver of the right to appeal will prevent a
defendant from appealing without the consent of the trial court. Tex. Code Crim. Proc. Ann. art. 1.14(a)
(Vernon 2005); Monreal v. State, 99
S.W.3d 615, 617 (Tex. Crim. App. 2003). 
The waiver may be oral or written, but must be knowingly, intelligently,
and voluntarily made.  Monreal, 99 S.W.3d at 617; Delatorre v. State, 957 S.W.2d 145, 149
(Tex. App.—Austin 1997, pet. ref’d).  “One
way to indicate that the waiver was knowing and intelligent is for the actual
punishment or the maximum punishment to have been determined by the plea
agreement when the waiver was made.” Ex
parte Delaney, 207 S.W.3d 794, 799 (Tex. Crim. App. 2006); see Wilson v. State, 264 S.W.3d 104, 109
(Tex. App.—Houston [1st Dist.] 2007, no pet.). 

Here, the record shows that appellant waived his right of appeal as part of an agreement on
sentencing, and the agreement was followed by the court.  Appellant and his trial counsel signed a waiver of constitutional rights, an
agreement to stipulate to evidence, and a judicial confession.  Appellant initialed the trial court’s written
admonishments and attested that he understood the consequences of his plea and
had freely, knowingly, and voluntarily executed his statement.  The plea papers reflect that appellant
pleaded guilty to the reduced offense of murder, in exchange for the State’s recommendation
that punishment be
capped at confinement for 40 years.  An
agreement to plead guilty in exchange for a reduction in the charge constitutes
a plea agreement.  See State v. Moore, 240 S.W.3d
248, 250 (Tex. Crim. App. 2007).  In
addition, an agreement to a recommended cap on punishment constitutes a plea
bargain.  See Shankle v. State, 119 S.W.3d 808, 813 (Tex. Crim. App. 2003); Wilson, 264 S.W.3d at 109.  Further,
appellant expressly agreed to waive any right of appeal he may have if the
trial court accepted “the foregoing plea bargain agreement between [appellant]
and the prosecutor.”  The record reflects
that the trial court accepted the agreement and, in accordance therewith,
assessed punishment at confinement for 40 years. These facts are sufficient to
show a valid waiver of the right to appeal because they show that the waiver
was made voluntarily, knowingly, and intelligently. See Wilson, 264 S.W.3d at 109. The trial court certified
that appellant waived the right of appeal.  

We note that the
plea papers also state that appellant’s plea was “without an agreed
recommendation.”  Further, the trial court’s judgment states,
“Term of Plea Bargain: Without an Agreed
Recommendation—PSI Hearing—Cap of 40 Years—State Reduces from Capital
Murder” and “Appeal waived. No permission to appeal granted.” (Emphasis added). 
However, such
language does not convert the plea to an open plea when, as here, the plea was
entered pursuant to agreed sentencing cap.[1] See Threadgill v.
State, 120
S.W.3d 871, 872 (Tex. App.—Houston [1st Dist.] 2003, no pet.) (holding
statement in record indicating that there was no agreed recommendation did not
convert proceeding into open plea when plea was entered pursuant to agreed
sentencing cap).

Based on the foregoing, we conclude that appellant waived his
right of appeal knowingly, intelligently, and voluntarily. See Delaney, 207 S.W.3d at 798–99; Wilson, 264 S.W.3d at 109.  The record supports the trial court’s
certification that appellant waived his right of appeal.  See
Tex. R. App. P. 25.2.  Because
appellant has no right of appeal, we must dismiss this appeal “without further
action.” Chavez v. State, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) (“In
such circumstances, no inquiry into even possibly meritorious claims may be
made.”); see also Terrell v. State, 245 S.W.3d 602, 606 (Tex. App.—Houston
[1st Dist.] 2007, no pet.).         

Accordingly, we grant counsel’s motion to withdraw[2]
and dismiss the appeal for lack of jurisdiction.  See
Stephens v. State, 35 S.W.3d 770, 771–72 (Tex. App.—Houston [1st Dist.]
2000, no pet.).  Attorney Leora Teicher
Kahn must immediately send the notice required by Texas Rule of Appellate
Procedure 6.5(c) and file a copy of that notice with the Clerk of this Court.  See
Tex. R. App. P. 6.5(c).  Any other pending motions are denied as moot.

PER CURIAM

Panel consists of Justices Jennings,
Alcala, and Sharp.

Do not publish.   Tex.
R. App. P. 47.2(b).











[1]
             There
is no defect to correct because the certification conforms to the record and
the trial court opted against giving appellant permission to appeal. See Tex. R. App. P. 25.2(a)(2)(B).  

 





[2]
             Appointed
counsel still has a duty to inform appellant of the result of this appeal and
that he may, on his own, pursue discretionary review in the Texas Court of
Criminal Appeals. See Bledsoe v. State,
178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).