**Opinion issued January 10, 2013**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-12-00689-CR

———————————

**DAMON RAYNORD NOBLES, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

On Appeal from the 351st District Court
Harris County, Texas
Trial Court Cause No. 1309403

---

## MEMORANDUM OPINION

Appellant Damon Raynord Nobles pleaded guilty, pursuant to an agreement

with the State that punishment be capped at confinement for 25 years, to the felony

offense of theft from an elderly person of property valued at $20,000 to $100,000.

*See* TEX. PENAL CODE ANN. § 31.03 (West Supp. 2012). The trial court found

appellant guilty and, in accordance with appellant's plea agreement with the State, assessed punishment at confinement for 25 years. The trial court certified that this is a plea-bargain case and that appellant does not have the right of appeal. Nevertheless, appellant, proceeding pro se, filed a notice of appeal. We dismiss the appeal for lack of jurisdiction.

A plea bargain case is one in which "a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant." TEX. R. APP. P. 25.2(a)(2). In a plea bargain case, a defendant may appeal only those matters that were raised by written motion filed and ruled on before trial, or after getting the trial court's permission to appeal. *Id.* The appeal must be dismissed if a certification showing that the defendant has the right of appeal has not been made part of the record. TEX. R. APP. P. 25.2(d).

The clerk's record reflects that appellant pleaded guilty in exchange for the State's recommendation that punishment be capped at confinement for 25 years. An agreement to a recommended cap on punishment constitutes a plea bargain. *See Shankle v. State*, 119 S.W.3d 808, 813 (Tex. Crim. App. 2003); *Wilson v. State*, 264 S.W.3d 104, 108 (Tex. App.—Houston [1st Dist.] 2007, no pet.); *Waters v. State*, 124 S.W.3d 825, 826–27 (Tex. App.—Houston [14th Dist.] 2003, pet. ref'd). The record of the plea hearing reflects that the trial court so admonished

appellant and that appellant understood that he would not have the right of appeal. The trial court assessed punishment at confinement for 25 years, in accordance with appellant's agreement with the State.[1]  Further, appellant's counsel has filed a letter stating that, based on the plea bargain in this case, the Court is without jurisdiction to hear this appeal.  We conclude that the record supports the trial court's certification.  *See* TEX. R. APP. P. 25.2; *Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005).

The trial court did not rule adversely to appellant on any pre-trial matters and did not give permission for appellant to appeal.  *See* TEX. R. APP. P. 25.2(a)(2). Because appellant has no right of appeal, we must dismiss the appeal.  *See* TEX. R. APP. P. 25.2(d); *Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) ("A court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by Rule 25.2(a)(2), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal.").

Accordingly, we dismiss the appeal for lack of jurisdiction.  *See* TEX. R. APP. P. 43.2(f).  We dismiss any pending motions as moot.

---

[1]  The trial court's judgment states, "Term of Plea Bargain: Without an Agreed Recommendation." Such language does not convert the plea to an open plea when, as here, the plea was entered pursuant to agreed sentencing cap. *See Threadgill v. State*, 120 S.W.3d 871, 872 (Tex. App.—Houston [1st Dist.] 2003, no pet.) (holding statement in record indicating that there was no agreed recommendation did not convert proceeding into open plea when plea was entered pursuant to agreed sentencing cap).

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Bland and Huddle.

Do not publish.   TEX. R. APP. P. 47.2(b).