# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00348-CR

**Richard Ray Hale, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF BELL COUNTY, 426TH JUDICIAL DISTRICT NO. 65126, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

**PER CURIAM**

Appellant Richard Ray Hale pleaded nolo contendere to the offense of aggravated sexual assault of a child and was sentenced to twenty years' imprisonment. This appeal followed. Hale's court-appointed attorney has filed a motion to withdraw accompanied by a brief concluding that the appeal is frivolous and without merit. *See Anders v. California*, 386 U.S. 738, 744 (1967). In response, the State has filed a motion to dismiss, asserting that Hale has no right of appeal and that the district court's certification indicating otherwise is defective. We will abate the appeal and remand to the district court for entry of an amended certification.

The trial court shall enter a certification of the defendant's right of appeal each time it enters a judgment of guilt or other appealable order. Tex. R. App. P. 25.2(a)(2). In a plea bargain case—that is, a case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant—a

defendant may appeal only those matters that were raised by written motion filed and ruled on before trial, or after getting the trial court's permission to appeal. *Id.* Here, the district court certified that "this is not a plea bargain case and the defendant has the right of appeal." However, the record contains indications that the certification may be defective.

The record reflects that Hale entered into an agreement with the State in which the sentence that Hale could receive was "capped" at 30 years' imprisonment, and Hale's sentence did not exceed that amount. An agreement to a sentencing cap is considered an agreed plea bargain for purposes of Rule 25.2(a)(2). *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006); *Shankle v. State*, 119 S.W.3d 808, 813 (Tex. Crim. App. 2003); *Wilson v. State*, 264 S.W.3d 104, 108 (Tex. App.—Houston [1st Dist.] 2007, no pet.); *Waters v. State*, 124 S.W.3d 825, 826 (Tex. App.—Houston [14th Dist.] 2003, pet. ref'd). Additionally, the record contains a document signed by Hale and his attorney in which Hale indicates that he "does not wish to appeal his conviction and expressly waives his right to appeal." Also, there is nothing in the record indicating that any matters were raised by written motion filed and ruled on before trial, such as a pretrial motion to suppress evidence.

On the other hand, there are also indications in the record that the district court might have given Hale permission to appeal. *See Willis v. State*, 121 S.W.3d 400, 403 (Tex. Crim. App. 2003) (explaining that trial court has authority to allow defendant to appeal "despite a valid waiver of appeal"); *Iles v. State*, 127 S.W.3d 347, 349-51 (Tex. App.—Houston [1st Dist.] 2004, no pet.) (discussing circumstances in which waiver of right to appeal may be overridden by trial court). At the sentencing hearing, the district court expressly informed Hale that he had "a

limited right to appeal." Moreover, following the sentencing hearing, Hale's trial counsel sent an email to the district court. The email contained the following:

> On that trial certificate in which you forgot to check a box, [a]fter discussing the matter after the hearing, [Hale] would like to withdraw his waiver since there might be an appellate issue raised during the sentencing hearing, i.e. proof of extraneous offenses. Waiving appeal was not part of the cap 5-30 agreement.

The record does not reflect what actions, if any, the district court took in response to the email.

We are required "to examine a certification for defectiveness, and to use Rules 37.1 and 34.5(c) to obtain another certification, whenever appropriate." *Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005); *see* Tex. R. App. P. 34.5(c), 37.1. A certification is defective if it is correct in form "but which, when compared with the record before the court, proves to be inaccurate." *Dears*, 154 S.W.3d at 614. The record in this case, as indicated, is both consistent and inconsistent with the certification.

To resolve these ambiguities and so we can properly address the State's motion, we abate this appeal for ten days and instruct the district court to prepare and send to this Court an amended certification as to whether, in light of the foregoing features of the record, Hale has a right of appeal. *See* Tex. R. App. P. 34.5(c)(2), 35.2(f); *Dears*, 154 S.W.3d at 614. A supplemental clerk's record containing the district court's amended certification shall be forwarded to the clerk of this Court no later than February 11, 2013. Upon receipt of the amended certification, depending on its contents, we will either grant the State's motion and dismiss the appeal, *see Wilson*, 264 S.W.3d at 108-10, or proceed to review the appeal for frivolousness in accordance with the procedures

outlined in *Anders*.  *See* 386 U.S. at 744-45.  Until that time, the State's motion to dismiss and counsel's motion to withdraw remain pending.

Before Justices Puryear, Pemberton and Rose

Abated

Filed:   January 31, 2013

Do Not Publish