**Opinion issued August 26, 2014**



In The

# Court of Appeals

For The

# First District of Texas

—————————————

**NO. 01-13-01086-CR**

—————————————

**CARLOS IGNACIO HERNANDEZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 182nd District Court**
**Harris County, Texas**
**Trial Court Case No. 1339390**

---

**MEMORANDUM OPINION**

Appellant Carlos Ignacio Hernandez pleaded guilty, pursuant to an agreement with the State that punishment be capped at confinement for 40 years, to the first degree felony offense of aggravated sexual assault of a child under fourteen years of age. *See* TEX. PENAL CODE. ANN. § 22.021(a)(1)(B)(i), (a)(2)(B)

(West Supp. 2013). The trial court found appellant guilty and, in accordance with appellant's plea agreement with the State, assessed punishment at confinement for 40 years. The trial court certified that this is a plea-bargain case and that appellant does not have the right of appeal. Nevertheless, appellant filed a notice of appeal. We dismiss the appeal for lack of jurisdiction.

A plea bargain case is one in which "a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant." TEX. R. APP. P. 25.2(a)(2). In a plea bargain case, a defendant may appeal only those matters that were raised by written motion filed and ruled on before trial, or after getting the trial court's permission to appeal. *See id.* The appeal must be dismissed if a certification showing that the defendant has the right of appeal has not been made part of the record. *See* TEX. R. APP. P. 25.2(d).

The clerk's record reflects that appellant pleaded guilty in exchange for the State's recommendation that punishment be capped at confinement for 40 years.[1] An agreement to a recommended cap on punishment constitutes a plea bargain. *See Shankle v. State,* 119 S.W.3d 808, 813 (Tex. Crim. App. 2003); *Wilson v. State,* 264 S.W.3d 104, 108 (Tex. App.—Houston [1st Dist.]

---

[1] Although not stated in the plea agreement, the record further reflects that the State agreed to dismiss the related charge of indecency with a child in Trial Court Cause No. 1256075 upon appellant's sentencing.

2

2007, no pet.); *Waters v. State,* 124 S.W.3d 825, 826 (Tex. App.—Houston [14th Dist.] 2003, pet. ref'd). The clerk's record reflects that the trial court properly admonished appellant and that appellant understood that he would not have the right of appeal. The trial court assessed punishment at confinement for 40 years, in accordance with appellant's agreement with the State.[2] We conclude that the record supports the trial court's certification. *See* TEX. R. APP. P. 25.2; *Dears v. State,* 154 S.W.3d 610, 615 (Tex. Crim. App. 2005).

In a plea bargained case in which the punishment assessed does not exceed the plea agreement, "a defendant may appeal only (A) those matters that were raised by written motion filed and ruled on before trial, or (B) after obtaining the trial court's permission to appeal." TEX. R. APP. P. 25.2(a)(2). The trial court did not rule adversely to appellant on any pre-trial matters and did not give permission for appellant to appeal. *See id.*[3] Because appellant has no right of appeal, we must

---

[2] The trial court's judgment states, "Term of Plea Bargain: Without an Agreed Recommendation – PSI Hearing." Such language does not convert the plea to an open plea when, as here, the plea was entered pursuant to an agreed sentencing cap. *See Threadgill v. State,* 120 S.W.3d 871, 872 (Tex. App.—Houston [1st Dist.] 2003, no pet.) (holding statement in record indicating that there was no agreed recommendation did not convert proceeding into open plea when plea was entered pursuant to agreed sentencing cap).

[3] Although the trial court denied appellant's oral request to withdrawal his plea during the sentencing hearing, appellant's request was not a matter raised by written motion and ruled on before trial. *See* TEX. R. APP. P. 25.2(a)(2*)*; *Phillips v. State*, No. 01-09-00047-CR, 2010 WL 2991081, at *1 (Tex. App.—Houston [1 Dist.] July 29, 2010, pet. ref'd); *Vasquez v. State*, No. 05-09-01369-CR, 2010 WL 2574218, at *1 (Tex. App.—Dallas June 29, 2010, pet. ref'd); *Chavez v. State*, 139 S.W.3d 43, 59 (Tex. App.—Corpus Christi 2004, pet. granted), *aff'd*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006).

dismiss the appeal. *See* TEX. R. APP. P. 25.2(d); *Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) ("A court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by Rule 25.2(a)(2), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal.").

Accordingly, we dismiss the appeal for lack of jurisdiction. *See* TEX. R. APP. P. 43.2(f). We dismiss the motion to withdraw filed by appellant's appointed attorney as moot.

**PER CURIAM**

Panel consists of Justices Massengale, Brown, and Huddle.

Do not publish. TEX. R. APP. P. 47.2(b).