Opinion issued May 5, 2015



In The

# Court of Appeals

For The

# First District of Texas

—————————————

## NO. 01-13-00771-CR

—————————————

**WILLIAM EDWARD HERNANDEZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

On Appeal from the 177th District Court
Harris County, Texas
Trial Court Case No. 1265866

## MEMORANDUM OPINION

Pursuant to an agreement with the State that punishment be capped at confinement for thirty years, appellant, William Edward Hernandez, pleaded guilty

to the felony offense of murder.[1] The trial court accepted the plea agreement and, in accordance with the agreement with the State, assessed appellant's punishment at confinement for twenty-six years. The trial court certified that this is a plea-bargained case and appellant has no right of appeal. Appellant filed a *pro se* notice of appeal. We dismiss the appeal.

In a plea-bargained case, a defendant may appeal only those matters that were raised by written motion and ruled on before trial or after obtaining the trial court's permission to appeal. TEX. CODE CRIM. PROC. ANN. Art. 44.02 (West 2006); TEX. R. APP. P. 25.2(a)(2). An appeal must be dismissed if a certification showing that the defendant has a right of appeal has not been made part of the record. TEX. R. APP. P. 25.2(d).

The clerk's record reflects that appellant pleaded guilty in exchange for the State's recommendation that punishment be capped at confinement for thirty years.[2] An agreement to a recommended cap on punishment constitutes a plea bargain. *See Shankle v. State*, 119 S.W.3d 808, 813 (Tex. Crim. App. 2003);

---

[1]     *See* TEX. PENAL CODE ANN. § 19.02 (West 2011).

[2]     The trial court's judgment states, "Term of Plea Bargain: Without a Recommendation." Such language does not convert the plea to an open plea when, as here, the plea was entered pursuant to an agreed sentencing cap. *See Threadgill v. State*, 120 SW.3d 871, 872 (Tex. App.—Houston [1st Dist.] 2003, no pet.) (holding statement in record indicating there was no agreed recommendation did not convert proceeding into open plea when plea was entered pursuant to agreed sentencing cap).

*Wilson v. State*, 264 S.W.3d 104, 108 (Tex. App.—Houston [1st Dist.] 2007, no pet.); *Waters v. State*, 124 S.W.3d 825, 826 (Tex. App.—Houston [14th Dist.] 2003, pet. ref'd). Here, the trial court's certification is included in the record and states that this is a plea-bargained case and appellant has no right of appeal. *See* TEX. R. APP. P. 25.2(a)(2). We conclude that the record supports the trial court's certification. *See Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005).

The trial court did not rule adversely to appellant on any pre-trial matters and did not give appellant permission to appeal. *See* TEX. R. APP. P. 25.2(a)(2). Because appellant has no right of appeal, we must dismiss this appeal. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) ("A court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by Rule 25.2(a)(2), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal.").

Accordingly, we dismiss the appeal for want of jurisdiction. We dismiss all pending motions as moot.


**PER CURIAM**


Panel consists of Chief Justice Radack and Justices Brown and Lloyd.
Do not publish.   TEX. R. APP. P. 47.2(b).