**Opinion issued February 9, 2016**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-15-00627-CR

————————————

## D'ANGELO CORDELL MIDDLEBROOKS, Appellant

## V.

## THE STATE OF TEXAS, Appellee

On Appeal from the 178th District Court
Harris County, Texas
Trial Court Case No. 1440238

## MEMORANDUM OPINION

Pursuant to an agreement with the State that a pre-sentencing ("PSI") hearing be conducted and that punishment be capped at confinement for thirty years, appellant, D'Angelo Cordell Middlebrooks, pleaded guilty to the first-degree felony offense of aggravated sexual assault. *See* TEX. PENAL CODE ANN. §§

22.021(a)(1)(A)(iii), (2)(A)(ii), (e) (West Supp. 2015). Following a PSI hearing, the trial court accepted the plea agreement and assessed appellant's punishment at confinement for twenty-six years on May 15, 2015. *See* TEX. PENAL CODE ANN. § 12.32(a). The trial court certified that this is a plea-bargained case and appellant has no right of appeal. *See* TEX. R. APP. P. 25.2(a)(2).

Nevertheless, appellant timely filed a *pro se* notice of appeal, contending that his guilty plea was involuntary due to alleged ineffective assistance of trial counsel. *See* TEX. R. APP. P. 26.2(a)(1). The trial court appointed appellate counsel for appellant, who filed a letter with the Clerk of this Court informing the Court that the trial court's certification indicates that this is a plea-bargained case and appellant has no right of appeal, and a motion for extension of time to file a brief in the event this Court does not dismiss this appeal. We dismiss this appeal for want of jurisdiction and dismiss the motion as moot.

An appeal must be dismissed if a certification showing that the defendant has the right of appeal has not been made part of the record. TEX. R. APP. P. 25.2(d); *see Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005). In a plea-bargain case—where a defendant pleaded guilty and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant—as here, a defendant may only appeal those matters that were raised by written motion filed and ruled on before trial or after getting the trial court's permission to appeal.

2

TEX. CODE CRIM. PROC. ANN. art. 44.02 (West Supp. 2015); TEX. R. APP. P. 25.2(a)(2).

Here, the trial court's certification, which is included in the clerk's record, states that this is a plea-bargained case and that appellant has no right of appeal. *See* TEX. R. APP. P. 25.2(a)(2), (d). The clerk's record reflects that appellant pleaded guilty in exchange for the State's recommendation that a PSI hearing be held and that punishment be capped at confinement for thirty years. An agreement to a recommended cap on punishment constitutes a plea bargain for purposes of Texas Rule of Appellate Procedure 25.2(a)(2). *See Shankle v. State*, 119 S.W.3d 808, 813 (Tex. Crim. App. 2003) (stating sentence-bargaining may be for recommendations to the court on sentences, including recommended "cap" on sentencing); *Wilson v. State*, 264 S.W.3d 104, 108 (Tex. App.—Houston [1st Dist.] 2007, no pet.); *Waters v. State*, 124 S.W.3d 825, 826 (Tex. App.—Houston [14th Dist.] 2003, pet. ref'd).

The reporter's record for the PSI hearing filed in this Court reflects that the trial court held a PSI hearing after appellant had pleaded guilty and after the State had commenced trial, and that the plea-bargain agreement was that appellant would plead guilty to the indictment and agree to have a PSI hearing with the court with a prison-sentence cap of thirty years. The judgment of conviction in the clerk's record confirms that the trial court accepted the plea-bargain agreement because the trial court assessed appellant's punishment at twenty-six years' confinement. The

judgment also includes a standard waiver of appellant's right of appeal if the trial court accepted the plea-bargain agreement.

Also, the trial court did not rule adversely to appellant on any pre-trial matters and did not give appellant permission to appeal. Thus, the appellate record supports the trial court's certification that appellant has no right of appeal. *See* TEX. R. APP. P. 25.2(a)(2); *Dears*, 154 S.W.3d at 615. Because appellant has no right of appeal, we must dismiss this appeal. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) ("A court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by Rule 25.2(a)(2), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal.").

## CONCLUSION

Accordingly, we **dismiss** this appeal for want of jurisdiction. *See* TEX. R. APP. P. 43.2(f). We dismiss all pending motions as moot.

## PER CURIAM

Panel consists of Chief Justice Radack and Justices Keyes and Higley.

Do not publish. TEX. R. APP. P. 47.2(b).