**Opinion issued April 7, 2016**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-15-00323-CR

———————————

**DAMIAN PAUL ORTIZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 248th District Court**
**Harris County, Texas**
**Trial Court Case No. 1407369**

---

## MEMORANDUM OPINION

Pursuant to an agreement with the State that punishment be capped at confinement for twenty-five years, appellant, Damian Paul Ortiz, pleaded guilty to

the felony offense of sexual assault of a child younger than fourteen years of age.[1] The trial court accepted the plea agreement and, after a sentencing hearing and in accordance with the agreement with the State, assessed appellant's punishment at confinement for fifteen years. The trial court certified that this is a plea-bargained case and appellant has no right of appeal. Appellant filed a notice of appeal. We dismiss the appeal.

In a plea-bargained case, a defendant may appeal only those matters that were raised by written motion and ruled on before trial or after obtaining the trial court's permission to appeal. TEX. CODE CRIM. PROC. ANN. art 44.02 (West 2006); TEX. R. APP. P. 25.2(a)(2). An appeal must be dismissed if a certification showing that the defendant has a right of appeal has not been made part of the record. TEX. R. APP. P. 25.2(d).

The clerk's record reflects that appellant pleaded guilty in exchange for the State's recommendation that punishment be capped at confinement for twenty-five years. An agreement to a recommended cap on punishment constitutes a plea bargain. *See Shankle v. State*, 119 S.W.3d 808, 813 (Tex. Crim. App. 2003); *Wilson v. State*, 264 S.W.3d 104, 108 (Tex. App.—Houston [1st Dist.] 2007, no pet.); *Waters v. State*, 124 S.W.3d 825, 826 (Tex. App.—Houston [14th Dist.] 2003, pet. ref'd). Here, the trial court's certification is included in the record and states that this

---

[1] *See* TEX. PENAL CODE ANN. § 22.021(a)(1)(B) (West Supp. 2015).

is a plea-bargained case and appellant has no right of appeal. *See* TEX. R. APP. P. 25.2(a)(2). We conclude that the record supports the trial court's certification. *See Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005).

The clerk's record reflects that the trial court did not rule adversely to appellant on any pre-trial matters and did not give appellant permission to appeal. *See* TEX. R. APP. P. 25.2(a)(2). Because appellant has no right of appeal, we must dismiss this appeal. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) ("A court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by Rule 25.2(a)(2), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal.").

Accordingly, we dismiss the appeal for want of jurisdiction. We dismiss all pending motions as moot.

## PER CURIAM

Panel consists of Justices Bland, Brown, and Lloyd.
Do not publish.   TEX. R. APP. P. 47.2(b).