COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:        Victor Antonio Sanchez v. The State of Texas

Appellate case number:    01-15-00609-CR

Trial court case number:  1458825

Trial court:                       230th District Court of Harris County

   This is an appeal from a conviction for murder. Appellant pleaded guilty to the offense of murder in exchange for the State's recommendation that sentencing be capped at 40 years imprisonment in the Institutional Division of the Texas Department of Criminal Justice (TDCJ-ID). The trial court accepted this plea and, after a hearing, sentenced appellant to 28 years in TDCJ-ID. The trial court entered a certification that this is not a plea bargain case and appellant has the right of appeal.

   An agreement to a recommended cap on punishment constitutes a plea bargain. *See Shankle v. State*, 119 S.W.3d 808, 813 (Tex. Crim. App. 2003; *Wilson v. State*, 264 S.W.3d 104, 108 (Tex. App.—Houston [1st Dist.] 2007, no pet). Thus, the certification that this is not a plea bargain may be in error.

   The Rules of Appellate Procedure require us to dismiss an appeal unless a certification showing that the appellant has the right to appeal has been made part of the record. *See* TEX. R. APP. P. 25.2(a)(2). The rules also provide that an amended trial court's certification of the defendant's right to appeal correcting a defect or omission may be filed in the appellate court. *See* TEX. R. APP. P. 25.2(f), 34.5(c), 37.1. Further, when we have a record, we are obligated to review the record to ascertain whether the certification is defective and, if it is defective, we must use Rules 37.1 and 34.5(c) to obtain a correct certification. *Dears v. State*, 154 S.W.3d 610, 614–15 (Tex. Crim. App. 2005); *see* TEX. R. APP. P. 34.5(c), 37.1.

   Accordingly, we abate this appeal and remand to the trial court for further proceedings. On remand, the trial court shall conduct a hearing within 20 days of the date of this order at which a representative of the Harris County District Attorney's Office and appellant's appointed counsel shall be present. Appellant shall also be present for the hearing in person or, if appellant is incarcerated, at the trial court's discretion, appellant may participate in the hearing by use of a closed-circuit video teleconferencing

system that provides for a simultaneous compressed full motion video and interactive communication of image and sound.[1]

We direct the trial court to:

1) make a finding regarding whether or not appellant has the right to appeal;
2) if necessary, execute an amended certification of appellant's right to appeal;
3) make any other findings and recommendations the trial court deems appropriate; and
4) enter written findings of fact, conclusions of law, and recommendations as appropriate, separate and apart from any docket sheet notations.

The trial court shall have a court reporter, or court recorder, record the hearing. The trial court clerk is directed to file supplemental clerk's records containing the trial court's findings, recommendations, and orders with this Court **within 25 days of the date of this order**. The court reporter is directed to file the reporter's record of the hearing **within 25 days of the date of this order**. If the hearing is conducted by video teleconference, a certified recording of the hearing shall also be filed in this Court **within 25 days of the date of this order**.

It is so ORDERED.

Judge's signature: /s/ Harvey Brown
⊠ Acting individually

Date: April 21, 2016

---

[1] On request of appellant, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.