**Opinion issued August 28, 2018**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-18-00016-CR

————————————

**SHAWN BULENT BUTLER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 178th District Court**
**Harris County, Texas**
**Trial Court Case No. 1479420**

## MEMORANDUM OPINION

Appellant, Shaun Bulent Butler, pleaded guilty to aggravated robbery with a deadly weapon with an agreement from the State to cap punishment at 30 years' imprisonment. In accordance with the terms of this plea bargain agreement with the

State, the trial court sentenced appellant to 15 years' imprisonment. Appellant filed a notice of appeal. We dismiss the appeal for want of jurisdiction.

In a plea bargain case, a defendant may only appeal those matters that were raised by written motion filed and ruled on before trial or after getting the trial court's permission to appeal. *See* TEX. R. APP. P. 25.2(a)(2). An agreement placing a cap on punishment is a plea bargain for purposes of Texas Rule of Appellate Procedure 25.2(a)(2). *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006); *Shankle v. State*, 119 S.W.3d 808, 813 (Tex. Crim. App. 2003); *Wilson v. State*, 264 S.W.3d 104, 108 (Tex. App.—Houston [1st Dist.] 2007, no pet.); *Waters v. State*, 124 S.W.3d 825, 826–27 (Tex. App.—Houston [14th Dist.] 2003, pet. ref'd). Because the record shows that appellant agreed to the State's recommendation of a cap of 30 years on sentencing, this is a plea bargain case under Rule 25.2(a)(2) and appellant has no right to appeal. *See* TEX. R. APP. P. 25.2(a)(2)

An appeal must be dismissed if a certification showing that the defendant has the right of appeal has not been made part of the record. *See* TEX. R. APP. P. 25.2(d). The trial court's certification is included in the record on appeal and states that appellant waived the right of appeal. The record contains plea papers signed by appellant showing that he agreed to waive his right to appeal in exchange for the plea agreement capping his sentence at 30 years' imprisonment. The record thus

supports the trial court's certification. *See Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005).

Because appellant has no right of appeal, we must dismiss this appeal. *See Chavez,* 183 S.W.3d at 680 ("A court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by Rule 25.2(a)(2), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal.").

Accordingly, we dismiss this appeal for want of jurisdiction. *See* TEX. R. APP. P. 43.2(f). We dismiss all pending motions as moot.

**PER CURIAM**

Panel consists of Justices Keyes, Bland, and Lloyd.

Do not publish. TEX. R. APP. P. 47.2(b).